**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **CLARA LEE**, | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | **3:02CV819 (PCD)** |
| | : | |
| **vs.** | : | |
| | : | |
| **HARTFORD PUBLIC SCHOOLS,** | : | |
| **Defendant.** | : | **MARCH 19, 2004** |

### DEFENDANT'S SUBMISSION OF PROPOSED JURY INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 51 and this Court's pre-trial order, the remaining defendant, Hartford Public Schools ("HPS"), respectfully proposes that the following instructions be given to the jury at the close of the case at bar.  HPS reserves the right to revise and/or supplement the proposed instructions to conform to the evidence introduced at trial.[1]  The Defendant requests that the jurors be provided with written copies of the jury charge.

---

[1] Defendant HPS has not included herein the "standard" instructions such as "Province of the Court and Jury"; "Credibility of Witnesses"; "Conduct of Counsel"; "Duties During Deliberation" "Selection of Foreperson/Communications with Court" and so forth.  Defendant HPS requests that such instructions as contained in E. Devitt, C. Blackmar & M. Wolff, Federal Jury Practice and Instructions (4th ed. 1987) be given.  If the court would like the Defendant to supply such instructions, the Defendant will be happy to do so.

## **TABLE OF CONTENTS**

Instruction        Title

1.                 The Plaintiff's Claim

2.                 The Defendant's Claim

3.                 All Persons Are Equal Before The Law – School Districts

4.                 What Is And Is Not Evidence

5.                 Direct And Circumstantial Evidence

6.                 Burden Of Proof In Civil Case Is On Plaintiff

7.                 Burden Of Proof – Retaliation Claim Under the ADEA

8.                 Burden Of Proof – Equal Protection Claim

9.                 Burden of Proof – Due Process Claim

10.                Burden of Proof as to Violations by the Hartford Public Schools

11.                Burden of Proof – Breach of Contract Claim

12.                Defendant's State Of Mind

13.                Proximate Cause

14.                Plaintiff's Opinion As To Her Own Qualifications

15.                Business Judgment

16.                Damages

17.                No Duplication of Damages

18.          Reward for Past Service

19.          Avoiding Sympathy, Prejudice And Speculation

20.          Special Verdict Forms

DEFENDANT'S PROPOSED
INSTRUCTION NO. 1

## **PLAINTIFF'S CLAIM**

The Plaintiff claims that the Hartford Public Schools violated the Age Discrimination in Employment Act by retaliating against her for filing an age discrimination complaint.  She also claims violations of her Fourteenth Amendment equal protection and due process rights, brought pursuant to 42 U.S.C. § 1983, and breach of contract.

DEFENDANT'S PROPOSED
INSTRUCTION NO. 2

## **DEFENDANT'S CLAIM**

The defendant contests all of Plaintiff's claims.  The Hartford Public Schools denies that Plaintiff was retaliated against for filing a complaint of age discrimination when she was transferred to another position and not selected for the Executive Vice Principal position at Hartford Public High School.  The defendant contends that, due to Plaintiff's unsatisfactory performance as Executive Vice Principal at Weaver High School, she was offered the opportunity of transferring to a position at a middle school.  Plaintiff voluntarily agreed and/or acquiesced to this transfer.  Her Union also agreed to this transfer.  Therefore, the defendant contends that Plaintiff's transfer had nothing whatsoever to do with her filing a complaint of age discrimination.  Likewise, the defendant contends that the non-selection of Plaintiff for the Executive Vice Principal position at Hartford Public High School was in no way related to Plaintiff's filing a complaint of discrimination.  At the time of Plaintiff's non-selection, the Hartford Board of Education had been abolished and the State Board of Trustees for the Hartford Public Schools had been created by the Connecticut Legislature.  In addition, Hartford Public High School was on the verge of losing its accreditation.  Thus, the principal of Hartford Public High School was given discretion in selecting his administrative team.  The defendant contends that, based on the need for a strong administrative team and Plaintiff's unsatisfactory performance in the same

position in another city high school, she was not selected for the Executive Vice Principal position at Hartford Public High School. Therefore, her non-selection had nothing whatsoever to do with her filing a complaint of age discrimination.

The defendant also denies that the plaintiff's right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution was violated. The defendant contends that the plaintiff was not similarly situated to other employees, that she was not intentionally treated differently than other employees similarly situated even if any existed, and that she was assigned appropriate duties based upon her demonstrated abilities and the administrative needs of the high school where she worked.

In addition, the defendant contends that Plaintiff's due process rights under the Fourteenth Amendment to the United States Constitution were not violated because Plaintiff was not deprived of a protected property interest. The defendant denies that its Policy and Administrative Manual contains contractual terms creating a right to be employed free from harassment and a right to be given equal consideration for the position of Executive Vice Principal. The defendant contends that the Manual simply contains guidelines. In addition, the defendant contends that many of the sections referred to by the plaintiff are merely statements obliging the Hartford to comply with federal and state laws and to guard against liability under anti-discrimination laws. The defendant also contends that Plaintiff was not denied due process, as she was informed about the possibility of a transfer and given an opportunity to

comment on the transfer before it occurred.  In addition, as a member of a union, a grievance procedure was available to her to contest her transfer and non-selection for the Executive Vice Principal position.  Thus, the defendant denies that Plaintiff was deprived of her right to due process.

Finally, the defendant denies that it breached a contract with Plaintiff.  The defendant contends that its Administrative and Policy Manual does not contain language rising to the level of a contract with Plaintiff.  In addition, the defendant contends that its actions did not violate the terms of the Manual as asserted by Plaintiff because it conducted an investigation of Plaintiff's complaint of discrimination, she was transferred due to performance problems and her voluntary agreement and/or acquiescence to the transfer, and she was considered for the Executive Vice Principal position at Hartford Public High School.  Therefore, the defendant contends that it did not breach a contract with Plaintiff.

Accordingly, the Hartford Public Schools ask that you find in favor of the defendant and not award Plaintiff any damages on her claims.

DEFENDANT'S PROPOSED
INSTRUCTION NO. 3

## **ALL PERSONS ARE EQUAL BEFORE THE LAW – PUBLIC SCHOOL DISTRICTS**

The fact that one of the parties in this lawsuit is a public school district, is immaterial in the eyes of the law.  This case should be considered and decided by you as an action between persons of equal worth and equal standing in the community, and holding the same or similar stations in life.  A school district is entitled to the same fair trial as a private individual.  All persons, including public school districts, stand equal before the law and are to be dealt with as equals in a court of justice.  A public school district only acts through its officers, agents and employees who are people like you and me.  In a real sense, you are called upon to sit in judgment of the people who make decisions and act for the Hartford Public Schools, whom you may or may not have observed during this trial.  The size of the Hartford Public Schools has no place in this trial.  It is the pride of our system of law that our cases are not decided on the basis of whether the parties are rich or poor, public school districts, companies or individuals.

You must decide this case based solely on the evidence.  All parties stand equal before the law.

_____

3 E. Devitt, C. Blackmar, & M. Wolff, <u>Federal Jury Practice And Instructions</u> §§ 71.03 and 71.04 (4th ed. 1987).

<u>Jury Instructions And Forms For Federal Civil Cases</u>, 28 F.R.D. 401, 414 (1962).

<u>Kerr v. City of Chicago</u>, 424 F. 2d 1134, 1138 (7th Cir.), <u>cert. denied</u>, 400 U.S. 83 (1970).

DEFENDANT'S PROPOSED
INSTRUCTION NO. 4

## <u>WHAT IS AND IS NOT EVIDENCE</u>

The term "evidence" includes the sworn testimony of the witnesses who appeared before you and the exhibits admitted into evidence which you will have in the jury room.

Statements, objections or arguments made by the attorneys are not evidence. Attorneys attempt to point out those things that are most significant or most supportive to their case, and in so doing, call your attention to inferences from the evidence that might otherwise escape your notice. What the attorneys say when making objections, or during closing arguments, is not binding upon you. Arguments by attorneys are not evidence, because the attorneys are not witnesses. What the attorneys have said to you in their summations is intended to help you understand the evidence to reach your verdict.

You must consider only what the evidence has been in this case, as it has been presented to you through witnesses and exhibits. Furthermore, if your recollection is different from that of the attorneys or of the court, it is your recollection and interpretation of the evidence that controls.

In the course of this case, the attorneys have conferred with me outside of your hearing and, on occasion, you have been excused from the room so a point of law or objection could be decided. The attorneys have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. In those situations, you should

not speculate about what was discussed.  Likewise, you should not show any prejudice against an attorney or his or her client because the attorney asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

During the trial, there have also been objections by the attorneys and rulings by the court. It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  Such evidentiary issues must be decided by me, the Court.  You should not show any prejudice against an attorney or his or her client because he or she objected to the admissibility of evidence.

In addition, you are to consider only the evidence that was admitted. If some evidence was presented and stricken from the record or some evidence offered and refused, you must not consider it.  You must dismiss it from your minds, and you also must not draw any inference from questions or answers that were stricken.  Those matters are to be treated as though you had never known of them.  Also, if certain testimony was received for a limited purpose -- such as for the purpose of assessing a witness' credibility -- you must follow the limiting instructions I have given.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.  As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the

weight or effect of such evidence.  You are the sole judges of the credibility of all witnesses and

the weight and effect of all evidence.

_____

3 E. Devitt, C. Blackmar, & M. Wolff, supra, §70.14,  §§71.08 - 71.12.

D. Wright & W. Ankerman, Connecticut Jury Instructions §§ 6, 12, 14, 16 (4th ed. 1993).

DEFENDANT'S PROPOSED
INSTRUCTION NO. 5

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of evidence from which you may properly find the facts of this case: direct evidence and circumstantial or indirect evidence.

Direct evidence is a document or the testimony of an eyewitness which directly supports a party's claims.

Circumstantial evidence involves the offering of evidence of a fact or facts from which the jury is asked to infer the existence and proof of another fact or facts. Such other fact may be found so proven if, but only if, you the jury find that the inference asked to be drawn is not only logical and reasonable but is strong enough so that you can find that it is more probable than not that the fact you are asked to infer is true. Accordingly, you must be careful to avoid resorting to sympathy, speculation, conjecture or guesswork -- under the guise of relying on circumstantial evidence -- in order to determine critical facts in this case.

Let me give you an example of circumstantial evidence. Suppose you are inside a room which has no windows. Suppose a person walks in wearing a wet raincoat, wet boots and carrying an umbrella. Even though you cannot see that it is raining outside, you would probably conclude that it must be raining. The wet raincoat, boots and umbrella are all circumstantial evidence that it

is raining.  That is all that is meant by circumstantial evidence.

_____

Haskell v. Kaman Corp., 743 F. 2d 113, 119 (2d Cir. 1984)

Hagelthorn v. Kennecott Corp., 710 F. 2d 76, 80-81 (2d Cir. 1983)

Stanojev v. Ebasco Services, Inc., 643 F.2d 914, 919-21 (2d Cir. 1981)

3 E. Devitt, C. Blackmar, & M. Wolff, supra, §72.03.

Hennessey v. Hennessey, 145 Conn. 211, 214-15 (1958)

DEFENDANT'S PROPOSED
INSTRUCTION NO. 6

**<u>BURDEN OF PROOF IN CIVIL CASE IS ON PLAINTIFF</u>**

In this case, Plaintiff bears the burden of proof.  Plaintiff has the burden of proving every

essential element of her case by a preponderance of the evidence.  The burden is <u>not</u> upon the

Hartford Public Schools to disprove Plaintiff's claims.  The burden remains with Plaintiff at all

times.

To "prove by a preponderance of the evidence" means to prove that something is more

likely true than not true.  Thus, in this case, it is Plaintiff's burden at all times to prove that it is

more likely true than not true that she was retaliated against due to her complaints of age

discrimination, that she was denied due process and equal protection of the laws, and that the

Hartford Public Schools breached a contract with her.  There is no requirement that the Hartford

Public Schools convince you that something did not happen.

If you do not find that a fact or issue alleged by Plaintiff has been proven by a fair

preponderance of the evidence, then you will find it not to have been proven at all, and you are not

to consider this fact or issue in reaching your verdict.  If you believe that the testimony on any fact

or issue is evenly balanced so that you cannot say that it inclines you either one way or the other,

there would be no preponderance of the evidence as to that fact or issue, and Plaintiff has failed to

prove that fact or issue.

The burden of proof imposed by law upon Plaintiff requires that your decision must be based upon evidence alone and that you remove from your consideration such matters that are merely guesses or speculations.  You are not at liberty to surmise or speculate or guess as to the material facts in this case.

_____

3 E. Devitt, C. Blackmar, & M. Wolff, supra, §72.01.

D. Wright & W. Ankerman, supra, § 311.

St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S. Ct. 2742, 2751-52, 125 L. Ed.2d 407 (1993).

Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 253-254, 101 S. Ct. 1089, 67 L. Ed.2d 207 (1981).

DEFENDANT'S PROPOSED
INSTRUCTION NO. 7

**<u>BURDEN OF PROOF – RETALIATION CLAIM UNDER THE ADEA</u>**

Plaintiff has brought a claim of retaliation under the Age Discrimination in Employment

Act, which I will refer to as the ADEA.

Specifically, Plaintiff claims that the Hartford Public Schools violated the ADEA by

retaliating against her for filing an age discrimination complaint.  The issue for you to decide is not

whether Plaintiff was discriminated against on the basis of her age but rather, whether Plaintiff

was retaliated against by the Hartford Public Schools for filing a complaint.

The ADEA makes it unlawful for an employer to discriminate against an employee

because she has opposed age discrimination.[2]  The ADEA, however, does not require an employer

to accord special treatment to an employee who has opposed age discrimination.[3]  The employer is

entitled to make its own subjective business decisions and may transfer an employee or not select

an employee for a position for a good reason, a bad reason or no reason at all, as long as the action

is not taken because the employee opposed age discrimination.[4]  An employer is not obligated to

---

[2] 29 U.S.C. § 623(d).

[3] <u>See</u>, <u>e.g.</u>, <u>Valdez v. Mercy Hosp.</u>, 961 F.2d 1401, 1403 (8th Cir. 1992) (superceded by statute on other grounds) (immunity from retaliation does not protect employee from past or present inadequacies, unsatisfactory performance and uncivil conduct); <u>Brown v. Ralston Purina Co.</u>, 557 F.2d 570 (6th Cir. 1977) (filing EEOC complaint does not create a right to miss work, fail to perform assigned work or leave work without notice).

[4] <u>See generally</u> <u>Dister v. Continental Group, Inc.</u>, 859 F.2d 1108, 1116 (2d Cir. 1988) ("it is not the function of the fact-finder to second-guess business decisions or to question a corporation's means to achieve a legitimate goal"); <u>Parcinski v. Outlet Co.</u>, 673 F.2d 34, 37 (2d Cir. 1982), <u>cert</u>. <u>denied</u>, 459 U.S. 1103 103 S. Ct. 725, 74 L. Ed. 2d

show good cause or justifiable cause to transfer an employee or not select an employee for a position. The ADEA does not authorize the courts or a jury to judge the wisdom of a school district's employment decisions.[5] In fact, an employer is not obligated to hire, promote or otherwise assign the best applicant or the most qualified applicant.[6] Likewise, the law does not require that a selection process be perfect.[7] Thus, even if you find that the Hartford Public Schools did not properly or fully evaluate the qualifications of Plaintiff for the Executive Vice Principal position, you must find in favor of the defendant.[8] The ADEA only requires that an employee not be the subject of retaliation for opposing age discrimination.

In order to prove her claim, Plaintiff has the burden of establishing by a preponderance of the evidence that the Hartford Public Schools retaliated against her for filing a complaint of age discrimination by transferring her to another position and not selecting her for the Executive Vice Principal position. Thus, Plaintiff must prove that:

1.      she was subject to an adverse employment action;

---

950 (1983) (in determining merits of age discrimination claim, court does not sit to judge the propriety of a corporation's business decisions); Weihaupt v. AMA, 874 F.2d 419, 429 (7th Cir. 1989) (the court does not sit as a super-personnel department that re-examines a corporation's business decision); Douglas v. Anderson, 656 F.2d 528 (9th Cir. 1981) (federal statutes prohibiting discrimination are not "intended as the vehicle for general review of business decisions.").

[5] See, Dister v. Continental Group, Inc., 859 F.2d 1108, 1116 (2d Cir. 1988); Francis v. Runyon, 928 F. Supp. 195, 203 (E.D.N.Y. 1996); see also Sweeney v. Research Fdn. of State Univ., 711 F. 2d 1179, 1187 n.11 (2d Cir. 1983).

[6] Prince v. Westchester County Dept. of Health, 90 Civ. 2506 (TG) 1992 U.S. Dist. LEXIS 7717 at *8 (S.D.N.Y. May 26, 1992).

[7] Id.

[8] Dister v. Continental Group, Inc., 859 F.2d 1108, 1116 (2d Cir. 1988), (quoting Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 259 (1981)).

2.      there is a causal connection between the protected activity and the adverse

employment action;[9] and

3.      Plaintiff's filing of a complaint was a determinative factor in the Hartford Public

Schools' decisions to transfer Plaintiff and not select her for the Executive Vice

Principal position.[10]

As to the first element, an employee suffers an adverse employment action if she endures

a materially adverse change in the terms or conditions of employment.[11]  To be "materially

adverse," a change in working conditions must be more disruptive than a mere inconvenience

or an alteration of job responsibilities.[12]  A materially adverse change might be indicated by a

termination of employment, a demotion evidenced by a decrease in salary, a less distinguished

title, a material loss of benefits or significantly diminished material responsibilities.[13]

If you find that Plaintiff suffered an adverse employment action, you must then

determine if Plaintiff has proven the existence of a causal connection between the protected

activity and the adverse employment action.  A causal connection may be proven indirectly by

showing that the protected activity was followed closely by discriminatory treatment, or

---

[9] Wanamaker v. Columbian Rope Co., 108 F.3d 462, 465 (2d Cir. 1997); Hollander v. American Cyanamid Co., 895 F.2d 80, 85 (2d Cir. 1990).
[10] Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 141, 120 S. Ct. 2097, 147 L.Ed.2d 105 (2000); Schnabel v. Abramson, 232 F.2d 83, 91 (2d Cir. 2000).
[11] Galabaya v. New York City Bd. of Ed., 202 F.3d 636, 640 (2d Cir. 2000).
[12] Id.
[13] Id.

directly through evidence such as different treatment of fellow employees engaged in similar conduct, or through evidence of retaliatory motivation directed against the plaintiff by the defendant.[14]  A several months lapse of time between an employee's protected activity and the adverse employment action shows a lack of a causal connection.[15]  Also, a causal connection will not be proven where timing is the only basis for a claim of retaliation and gradual job actions identifying an employee's performance deficiencies began before the employee engaged in protected activity.[16]

Even if you conclude that Plaintiff suffered an adverse employment action, Plaintiff cannot prevail on her retaliation claim unless she also proves by a preponderance of the evidence that the Hartford Public Schools intentionally retaliated against her because she filed a complaint of age discrimination.[17]

In deciding whether the Hartford Public Schools intentionally retaliated against Plaintiff by transferring her to another position and not selecting her for the Executive Vice Principal position, Plaintiff must prove to you that her filing of a complaint claiming age discrimination was a

---

[14] DeCintio v. Westchester County Medical Ctr., 821 F.2d 111, 115 (2d Cir.), cert. denied, 484 U.S. 965, 108 S. Ct. 455, 98 L. Ed. 2d 395 (1987).

[15]  Slattery v. Swiss Reinsurance America Corp., 248 F.3d 87, 95 (2d Cir.), cert. denied, 534 U.S. 951, 122 S. Ct. 348, 151 L. Ed.2d 263 (2001); Hollander v. American Cyanamid Co., 895 F.2d 80, 85 (2d Cir. 1990) (causal connection not shown where three months separated complaint of discrimination and adverse action).

[16] Slattery, 248 F.3d at 95.

[17] Reeves, 530 U.S. at 146-147; Slattery, 248 F.3d at 91; Schnabel, 232 F.2d at 90-91.

"determinative factor" in the defendant's actions.[18]  The term "determinative factor" as used in this case means a factor that actually made a difference in the decision to transfer Plaintiff to another position and not select her for the Executive Vice Principal position.  To meet her burden to prove that retaliation was a determinative factor, Plaintiff must prove that she was transferred and not selected because she filed a complaint of discrimination.[19]

One way in which a plaintiff may attempt to show intentional retaliation is to try to prove that the reasons given by the employer for the employment decisions are false, or a pretext for discrimination.  Even if Plaintiff convinces you that the defendant's reasons are false, Plaintiff still has the burden at all times of proving that the defendant intentionally retaliated against her.[20]  Therefore, Plaintiff must prove that the real reason for the employment actions was her filing a complaint of discrimination.[21]  Thus, even if you find that the reasons offered by the Hartford Public Schools for its actions were false, you must find in favor of the Hartford Public Schools, unless you also conclude that the real reason for the decision for the actions taken was based on Plaintiff's filing of a complaint.[22]

You are not to determine, and you need not agree, that the correct decision was reached with respect to Plaintiff's transfer or her non-selection for the Executive Vice Principal position.

---

[18] Reeves, 530 U.S. at 141; Schnabel, 232 F.3d at 91.
[19] Fisher v. Vassar College, 114 F.3d 1332, 1339 (2d Cir. 1997), cert. denied, 522 U.S. 1075, 118 S. Ct. 851, 139 L. Ed. 2d 752 (1998).
[20] Reeves, 530 U.S. at 143.
[21] Schnabel, 232 F.3d at 87.
[22] Reeves, 530 U.S. at 147; Slattery, 248 F.3d at 91; Fisher, 114 F.3d at 1339-40.

The law does not prohibit an employer from making whatever decisions it considers best in managing its workforce.  Therefore, it is not necessary that you believe that the best decision was made or that you would have made the same decision yourself.  Thus, you are not to second guess the decisions or substitute your judgment for that of Plaintiff's employer.  In addition, it is not your job to decide whether the Hartford Public Schools has good or bad personnel policies.  Rather, your job is to decide whether Plaintiff has proven that she was retaliated against for filing a complaint of age discrimination.  Once again, I remind you that the business decisions at issue in this case need not be good or even wise; they simply cannot be based on Plaintiff's filing a complaint.

Therefore, Plaintiff must convince you by a preponderance of the evidence that, whatever the stated reason for her employer's actions, her filing a complaint was a determinative factor and that the stated reasons were given in order to hide retaliation.[23]  Once again, the ultimate burden of proving that the Hartford Public Schools retaliated against Plaintiff because she filed a complaint remains at all times with Plaintiff.[24]

---

[23] Reeves, 530 U.S. at 147; Slattery, 248 F.3d at 91; Fisher, 114 F.3d at 1339-40.
[24] Reeves, 530 U.S. at 143.

DEFENDANT'S PROPOSED
INSTRUCTION NO. 8

## **BURDEN OF PROOF—EQUAL PROTECTION CLAIM**

In addition to her claim of retaliation under the ADEA, Plaintiff has also brought two

claims under the Civil Rights Act of 1871 commonly referred to as Section 1983.  Section 1983

allows citizens to bring suit against their state and local governments and officials for certain

Constitutional violations.  Plaintiff claims that the defendant denied her the equal protection of the

laws because she was intentionally treated differently from others similarly situated in violation of

the Fourteenth Amendment to the Constitution.  She also claims that the defendant violated her

right of due process under the Fourteenth Amendment to the Constitution.  I will first explain

Plaintiff's burden of proof for her equal protection claim.

In order to establish a claim under Section 1983, Plaintiff must prove by a preponderance

of the evidence the following three elements:

1.     That the conduct complained of was committed by a person acting under color of

state law;

2.     That this conduct deprived her of rights, privileges, or immunities secured by the

Constitution or laws of the United States; and

3.     Defendant's acts were the proximate cause of the injuries and subsequent damages

sustained by her.

I will now explain each of these elements. A person acts "under color of law" when that person acts under pretense of law. This means that the acts complained of would not have occurred but for the fact that the person committing them was an official, purporting to exercise his or her official powers. You must decide whether Plaintiff has proven that a person acting under color of state law committed the act about which she complains.

Plaintiff must next prove that the defendant's acts caused her to suffer the loss of one or more federal rights. In this case, Plaintiff claims that the defendant's actions deprived her of equal protection of the laws in violation of the Fourteenth Amendment. Thus, you must decide whether Plaintiff was denied the equal protection of the laws by the Hartford Public Schools.

However, you may not consider whether Plaintiff was treated differently than others similarly situated when she was transferred to Quirk Middle School or when she was not selected for the Executive Vice Principal position at Hartford Public High School in 2000. Those claims have already been dealt with and are not for your consideration.

The equal protection clause essentially requires that all persons similarly situated be treated alike by state and local governments. In order to establish an equal protection violation, Plaintiff must prove the following elements:

1.    She was similarly situated to others;

2.    She was intentionally treated differently than others similarly situated; and

3.    The different treatment was irrational and wholly arbitrary.[25]

Thus, Plaintiff must first identify employees who were similarly situated to her in all material respects.  To be similarly situated, these individuals must have reported to the same supervisor as Plaintiff, must have been subject to the same standards governing performance evaluation and discipline, and must have engaged in conduct similar to hers, without such differentiating or mitigating circumstances that would distinguish their conduct or the appropriate discipline for it.[26]  If you find that Plaintiff has not identified similarly situated employees, she has not proven that she was denied equal protection of the laws by the Hartford Public Schools, and you must find for the defendant.  Differently situated individuals may, of course, be treated differently.[27]

If you find that Plaintiff has proven that she was similarly situated to other employees, then you must decide if she has shown that she was intentionally treated differently than those similarly situated.  In this case, Plaintiff has alleged that she was treated differently because she was required to be the primary administrator for a "house" of students without the removal of her other administrative functions and that she was ordered to perform clerical tasks rather than to delegate them to secretarial staff at a time when she did not have a secretary.  Thus, Plaintiff is required to

---

[25] Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000); Giordano v. City of New York, 274 F.3d 740, 751 (2d Cir. 2001); Barton v. City of Bristol, 294 F. Supp.2d 184 (D. Conn. 2003); Batiste v. City of New Haven, 239 F. Supp.2d 213, 228 (D. Conn. 2002).
[26] Mazzalla v. RCA Global Communications, Inc., 642 F. Supp. 1531, 1547 (S.D.N.Y. 1986), aff'd, 814 F.2d 653 (2d Cir. 1987).
[27] Allen v. Cuomo, 100 F.3d 253, 261 (2d Cir. 1996).

3

prove that in making these decisions concerning her duties, the Hartford Public Schools intentionally treated her differently than others similarly situated.  That is, Plaintiff is required to prove by a preponderance of the evidence that the Hartford Public Schools intentionally denied her the equal protection of the laws in violation of the Fourteenth Amendment to the Constitution.

Even if you find that Plaintiff was intentionally treated differently than others similarly situated, Plaintiff must prove that the Hartford Public Schools' decision to treat Plaintiff differently was irrational and wholly arbitrary.  In other words, Plaintiff must prove that there was no rational basis or legitimate reason for its decision.[28]  Keep in mind that it is not your role to judge the wisdom, fairness, or logic of the Hartford Public Schools' decisions.  You are not to consider whether you would have done something differently or assigned tasks differently than the defendant.  You are only to decide if there is any reasonably conceivable state of facts that could provide a rational basis for the different treatment.[29]

Remember, Plaintiff has the ultimate burden of proving that she was denied equal protection of the laws by establishing all three of these elements.  If you find that Plaintiff has not proven one of these elements, then you must find for the defendant.

Even if you find that Plaintiff was denied equal protection of the laws, you must then decide whether the Hartford Public Schools caused such deprivation resulting in her claimed

---

[28] Galligan v. Town of Manchester, 3:01CV2092 (GLG) 2003 U.S. Dist. LEXIS 8362, at *20 (D. Conn. May 19, 2003).
[29] Heller v. Doe, 509 U.S. 312, 319-320 (1993).

injuries and damages.  If you find that someone other than the Hartford Public Schools caused

Plaintiff to be deprived of the equal protection of the laws in violation of the Fourteenth

Amendment, you must find in favor of the defendant.

DEFENDANT'S PROPOSED
INSTRUCTION NO. 9

## <u>BURDEN OF PROOF—DUE PROCESS CLAIM</u>

As I stated earlier, Plaintiff has brought two claims under the Civil Rights Act of 1871 commonly referred to as Section 1983: an equal protection claim and a due process claim. I have just explained Plaintiff's burden of proof with respect to her equal protection claim. Turning now to her due process claim, Plaintiff must prove by a preponderance of the evidence the following three elements:

1.    That the conduct complained of was committed by a person acting under color of state law;

2.    That this conduct deprived her of rights, privileges, or immunities secured by the Constitution or laws of the United States; and

3.    Defendant's acts were the proximate cause of the injuries and subsequent damages sustained by her.

I will now explain each of these elements. As I explained earlier, a person acts "under color of law" when that person acts under pretense of law. This means that the acts complained of would not have occurred but for the fact that the person committing them was an official, purporting to exercise his or her official powers. You must decide whether Plaintiff has proven that a person acting under color of state law committed the act about which she complains.

Plaintiff must next prove that the defendant's acts caused her to suffer the loss of one or more federal rights.  In this case, Plaintiff claims that the defendant's actions deprived her of her right to due process in violation of the Fourteenth Amendment.  Thus, you must decide whether Plaintiff was deprived of due process by the Hartford Public Schools.

Here, Plaintiff is asserting a procedural due process claim.  Procedural due process claims concern the adequacy of the procedures provided by the governmental entity for the protection of property rights of an individual.[30]  To establish a procedural due process violation, Plaintiff must prove by a preponderance of the evidence the following three elements:

1.    She has a property interest protected by the Constitution;[31]

2.    Action by the Hartford Public Schools with respect to that property interest amounted to a deprivation; and

3.    The deprivation occurred without due process.[32]

Thus, Plaintiff must first prove that she possesses a constitutionally protected property interest.  Here, Plaintiff claims that sections of the Hartford Public Schools' Policy and Administrative Manual contain contractual terms creating a right to be employed free from harassment and a right to be given equal consideration for the position of Executive Vice Principal

---

[30] Gordon v. Nicoletti, 84 F. Supp.2d 304, 308 (D. Conn. 2000).
[31] Narumanchi v. Bd. of Trustees, 850 F.2d 70, 72 (2d Cir. 1988).
[32] Parsons v. Pond, 126 F. Supp.2d 205, 214-215 (D. Conn. 2000) aff'd, 25 Fed. Appx. 77, 2002 U.S. App. LEXIS 1639 (2d Cir. Jan. 31, 2002), cert. denied, 537 U.S. 881, 123 S. Ct. 92, 154 L. Ed. 2d 138 (2002).

at Hartford Public High School and that these rights constitute a protected property interest.  To establish a property interest, Plaintiff must prove that she had a legitimate claim to the entitlement of the property interest, not just the desire or expectation of it.[33]  Keep in mind that not every contractual or statutory right rises to the level of a constitutionally protected property interest.[34]  It is not the intent of Section 1983 to convert every breach of contract claim into a federal claim.[35]

Plaintiff has the burden of proving that the Manual is contractually binding such that a property interest arises.  In other words, Plaintiff must prove that the sections in the Manual that she claims contain the right to be employed free from harassment and the right to be given equal consideration for the position of Executive Vice Principal are contractually binding under Connecticut law.[36]  To be contractually binding, you must find that there was an actual agreement between Plaintiff and the Hartford Public Schools and that the Hartford Public Schools agreed, either by words or action or conduct, to undertake a contractual commitment to Plaintiff.[37]

Plaintiff contends that a contract was created by language in the Manual.  Her belief that a contract existed between her and the Hartford Public Schools, without more, is insufficient to

---

[33] Board of Regents. v. Roth, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1971); Brockman v. Windsor Bd. of Educ., No. 3:99CV1220 (JBA), 2001 U.S. Dist. LEXIS 23939, at *13 (D. Conn. July 23, 2001); Barton v. City of Bristol, 294 F. Supp.2d 184, 196 (D. Conn. 2003).

[34] Gordon v. Nicoletti, 84 F. Supp.2d 304, 310 (D. Conn. 2000) (citing Ezekwo v. NYC Health & Hosp. Corp., 940 F.2d 775, 782 (2d Cir. 1991)).

[35] Ezekwo v. NYC Health & Hosp. Corp., 940 F.2d 775, 782 (2d Cir. 1991), cert. denied, 502 U.S. 1013, 112 S. Ct. 657, 116 L. Ed. 2d 749 (1991).

[36] Ezekwo, 940 F.2d at 782 (a court must look to whether the interest involved would be protected under state law).

[37] Therrien v. Safeguard Manufacturing Co., 180 Conn. 91, 94, 429 A.2d 808 (1980).

prove that such a contract did, in fact, exist.[38]  Rather, in order for you to find that specific statements in the Manual can form the basis of a contract, you must find both that there was an offer, that is, a promise, and an acceptance of that offer.[39]  To determine whether an offer was made to Plaintiff, you must not suppose, presume, believe, suspect, imagine, or hope that an offer has been made.[40]  An offer must be intentional, definite in its terms, and communicated; otherwise, there can be no meeting of the minds.[41]  Language that is general and indefinite in its terms cannot be reasonably relied upon to assert the existence of a contractual promise.[42]  You must find definite and unequivocal language manifesting an intent by the Hartford Public Schools to be contractually bound to a specific promise to Plaintiff in order for a contract to be formed.[43]

Thus, Plaintiff must first prove that the statements contained in the Manual constituted an offer to contract with her.  She must prove that these statements communicated the material terms of an employment contract to her.[44]  Keep in mind that a contractual promise cannot be created by

---

[38] Reynolds v. Chrysler First Commercial Corp., 40 Conn. App. 725, 733, 673 A.2d 573 (1996), appeal denied, 237 Conn. 913, 675 A.2d 885 (1996); Christensen v. Bic Corp., 18 Conn. App. 451, 458 n.2, 558 A.2d 273 (1989); Manning v. Cigna Corp., 807 F. Supp. 889, 896 (D. Conn. 1991).

[39] Torosyan v. Boerhringer Ingelheim Pharmaceuticals, Inc., 234 Conn. 13-14, 662 A.2d 89 (1995).

[40] Burnham v. Karl & Gelb, P.C., 50 Conn. App. 385, 389 (1998); aff'd, 252 Conn. 153, 745 A.2d 178 (2000); Reynolds, 40 Conn. App. at 733; Manning, 807 F. Supp. at 896.

[41] Id.; ABA Model Jury Instructions, Employment Litigation § 3.04[2][a] (Douglas W. Desmarais et al. eds., 1994).

[42] Sivell v. Conwed, 666 F. Supp. 23, 27 (D. Conn. 1987); Christensen, 18 Conn. App. at 458 n.2; Finley v. Aetna Life & Casualty Co., 202 Conn. 190, 199 n.5, 520 A.2d 208 (1987).

[43] Id.

[44] Torosyan, 234 Conn. at 14; D'Ulisse-Cupo v. Bd. Of Dir. of Notre Dame High School, 202 Conn. 206, 215, 520 A.2d 217 (1987).

4

plucking phrases out of context; there must be a meeting of the minds between the parties.[45]

Therefore, you should also consider other sections of the Manual that may be helpful in assisting

you in determining whether the Hartford Public Schools made a contractual commitment to

Plaintiff.  For example, you may consider the definition of "policy" in the beginning of the

manual.

In addition, policies or statements may be publicized simply as guidelines.[46]  They also

may be publicized to guard against liability under federal and state laws.[47]  Therefore, if you

determine that the sections at issue are simply guidelines or statements obliging the Hartford

Public Schools to comply with federal and state laws and to guard against liability under anti-

discrimination laws by conducting an investigation upon receiving a complaint, then the Hartford

Public Schools has not undertaken any contractual obligations towards Plaintiff.[48]  As such, you

---

[45] Christensen, 18 Conn. App. at 458.
[46] Grich v. Textron Lycoming, 822 F. Supp. 66, 71 (D. Conn. 1993).
[47] Peralta v. Cendant Corp., 123 F. Supp.2d 65, 83 (D. Conn. 2000).
[48] Peralta, 123 F. Supp.2d at 83 (language of the anti-harassment policy does not indicate that defendant is undertaking any contractual obligations towards plaintiff; rather, it obliges defendant to comply with federal and state anti-discrimination laws and to undertake an investigation upon receiving complaints of discrimination and/or harassment; defendant is required to publicize its equal opportunity and anti-discrimination policy, as well as the complaint procedure, in order to guard against liability under the discrimination laws); Grich, 822 F. Supp. at 71 (internal staffing procedure was not enforceable contractual obligation where it was merely a guideline, not a mandatory directive); Gally v. Columbia Univ., 22 F. Supp.2d 199, 208 (S.D.N.Y. 1999) (anti-discrimination policy does not give rise to contractual liability); see Belgrave v. City of New York, 95CV1507 (JG), 1999 U.S. Dist. LEXIS 13622 at *144 (E.D.N.Y. Aug. 31, 1999) (claim that employer failed to follow its procedures for providing equal opportunity to employees did not constitute breach of contract claim); see also Broadnax v. City of New Haven, CV980412193S, 2000 Conn. Super. LEXIS 3294 at *12 (New Haven Super. Ct., Dec. 5, 2000, Devlin, J.) (no property interest for employment environment generally free of discrimination where claim was based solely on defendant's hiring and promotion procedures).

must find in favor of the Hartford Public Schools on Plaintiff's due process claim, as she will not have proven a constitutionally protected property interest.

If you find that the Hartford Public Schools, through its Manual, undertook contractual obligations towards Plaintiff constituting an offer, then Plaintiff must prove that there was an acceptance of that offer.  In other words, Plaintiff must demonstrate that she accepted employment relying on the representations in the manual.[49]  If you find that there was no acceptance of such an offer, then you must find in favor of the Hartford Public Schools on Plaintiff's due process claim, as she will not have proven a constitutionally protected property interest.

Before you find that there is an enforceable contract between the Hartford Public Schools and Plaintiff, you must also find that the parties exchanged what the law calls "consideration."  A promise is not enforceable as a contract unless something of value was given for the promise.[50] Consideration may be anything of benefit given to the person making the promise or any detriment suffered by one party to obtain a benefit from the promise.[51]  If you find that the parties did not exchange anything of value, then the promise is unenforceable for lack of consideration.  If you find a lack of consideration, then you must find in favor of the Hartford Public Schools on Plaintiff's due process claim.

---

[49] Sivell v. Conwed, 666 F. Supp. 23, 27 (D. Conn. 1987).
[50] ABA Model Jury Instructions, Employment Litigation, supra, at § 3.04[3][a].
[51] Id.

If you find that Plaintiff has proven that she has a constitutionally protected property interest because the Hartford Public Schools had contractual obligations towards Plaintiff based on its Manual, you must then determine whether Plaintiff has proven that she was deprived of this property interest by the Hartford Public Schools' actions.[52]  In other words, Plaintiff must prove that she was deprived of her right to employment free of harassment and right to be given equal consideration for the Executive Vice Principal at Hartford Public High School.  Here, Plaintiff claims that she was harassed by being transferred out of her position at Weaver High School.  In making the determination of whether Plaintiff was deprived of a property interest, you may consider Plaintiff's letter to Mr. Amato stating that she could more effectively serve the students in Hartford in a new capacity.  If you find that Plaintiff voluntarily requested and/or agreed to a transfer to another position, then the Hartford Public Schools has not deprived Plaintiff of her property interest in her right to employment free of harassment.[53]  In addition, if you find that Plaintiff applied for the position of Executive Vice Principal at Hartford Public High School and was considered for the position, then the Hartford Public Schools has not deprived Plaintiff of her property interest in her right to be given equal consideration for the position.  Thus, if you find that Plaintiff was not deprived of a property interest in these rights, then you must find in favor of the Hartford Public Schools.

---

[52] Galligan v. Town of Manchester, 3:01CV2092 (GLG), 2003 U.S. Dist. LEXIS 8362 at * 10-11 (D. Conn. May 19, 2003)

[53] Galligan, 2003 U.S. Dist. LEXIS 8362 at * 10-11.

If, however, you find that Plaintiff has proven that the Hartford Public Schools deprived her of a property interest, you must then determine if this deprivation occurred without due process.  Keep in mind that the due process clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions.[54]  Nor does it guarantee public employees a workplace that is free of unreasonable risks of harm.[55]  Rather, the due process clause requires only that the plaintiff have an opportunity for a hearing at a meaningful time and in a meaningful manner.[56]  Notice of the employment action and the opportunity to be heard before the action is taken constitutes sufficient due process.[57]  Thus, if you find that Plaintiff was informed about the possibility of a transfer and was given an opportunity to comment on the transfer before it occurred, then she was not deprived of a property interest without due process.  You have heard evidence that Plaintiff was a member of a union, the Hartford Principals' and Supervisors' Association.  You may consider the union's action in agreeing to the transfer in deciding whether Plaintiff received due process.

---

[54] Collins v. City of Harker Heights, 503 U.S. 115, 129, 112 S. Ct. 1061, 117 L. Ed. 2d 261(1992).
[55] Collins, 503 U.S. at 129.
[56] Giglio v. Dunn, 732 F.2d 1133, 1135 (2d Cir.), cert. denied, 469 U.S. 932, 105 S. Ct. 328, 83 L. Ed. 2d 265 (1984).
[57] Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985) ("root requirement" of Due Process Clause is the opportunity for a hearing prior to the deprivation a significant property interest); see also Ciambriello v. County of Nassau, 292 F.3d 307, 322 (2d Cir. 2002) (process due was notice of charges against plaintiff and the opportunity to be heard before demotion).

In addition, in some situations, a post-deprivation hearing will satisfy due process.[58] Courts have found that the availability under state law of a post-deprivation hearing or tort remedies completely will satisfy due process and bar a section 1983 claim.[59]  Thus, a collective bargaining agreement's grievance procedures may satisfy due process rights regardless of whether the Plaintiff takes advantage of these procedures.[60]  Therefore, in determining whether Plaintiff received due process, you may consider whether there was a grievance procedure available to Plaintiff for her to contest her transfer and her non-selection for the Executive Vice Principal position.  Also, the availability of a breach of contract action under state law may be a sufficient remedy for deprivation of a contractually created property interest.[61]  This is because the state common law of contracts creates the property interest at stake and that same law determines what remedy lies for the deprivation caused by the breach of contract.[62]

---

[58] Cleveland Bd. of Educ., 470 U.S. at 542 n.7.

[59] Ezekwo, 940 F.2d at 784.

[60] Harhay v. Town of Ellington Bd. of Educ., 323 F.3d 206, 213 (2d Cir. 2003); Narumanchi v. Bd. of Trustees of the Connecticut State Univ., 850 F.2d 70, 72 (2d Cir. 1988); Costello v. Town of Fairfield, 811 F.2d 782, 784 (2d Cir. 1987); Locascio v. Winchester Bd. of Educ., 3:98CV1556 (RNC), 2000 U.S. Dist. LEXIS 20367 at * 15 (D. Conn. Feb. 15, 2000) (tenured teacher's failure to use grievance procedures provided by a collective bargaining agreement with respect to her involuntary transfer precludes a procedural due process challenge to the fairness of those procedures).

[61] Ezekwo, 940 F.2d at 784; Ramsey v. Bd. of Educ. of Whitley County, Kentucky, 844 F.2d 1268, 1273 (6th Cir. 1988).

[62] Ramsey v. Bd. of Educ. of Whitley County, Kentucky, 844 F.2d 1268, 1273 (6th Cir. 1988); see also Daniels v. Williams, 474 U.S. 327, 332, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) ("Our Constitution deals with the large concerns of the governors and the governed, but it does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society.").

Thus, if you find that Plaintiff had notice of the Hartford Public Schools' action and an opportunity to respond before the action was taken <u>or</u> that there were sufficient post-deprivation proceedings available to her, then Plaintiff was not deprived of a property interest without due process, and you must find in favor of the Hartford Public Schools on Plaintiff's due process claim.