DEFENDANT'S PROPOSED
INSTRUCTION NO. 10

## BURDEN OF PROOF AS TO VIOLATIONS BY
## THE HARTFORD PUBLIC SCHOOLS

1.    Equal Protection Claim

As I have previously explained, Plaintiff claims that the Hartford Public Schools is

liable to her under Section 1983 for denying her equal protection of the laws because she was

required to be the primary administrator for a "house" of students without the removal of her other

administrative functions and that she was ordered to perform clerical tasks rather than to delegate

them to secretarial staff at a time when she did not have a secretary.  If you find that an employee

of the defendant deprived Plaintiff of the equal protection of the laws, this alone is not a sufficient

basis for holding the Hartford Public Schools liable to the plaintiff.  Not every decision by an

employee automatically subjects the Hartford Public Schools to liability under Section 1983.[63]

Before you can hold the Hartford Public Schools liable, Plaintiff must prove the following by a

preponderance of the evidence:

1.    an official policy or custom of the Hartford Public Schools;

2.    caused Plaintiff to be subjected to;

3.    a denial of a Constitutional right.[64]

---

[63] Pembaur v. City of Cincinnati, 475 U.S. 469, 482, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986).
[64] Zahra v. Town of Southold, 48 F. 3d 674, 685 (2d Cir. 1995).

Thus, Plaintiff has the burden of establishing that the Hartford Public Schools maintained an official policy or custom of harassing employees through the duties assigned to them and that some official of the Hartford Public Schools intentionally implemented that policy or custom causing Plaintiff's injury. The official policy or custom must have been the moving force behind the constitutional violation.[65]

Official policy or custom may be set by those whose edicts or acts may fairly be said to represent official policy.[66] You have heard evidence that, during the time in question, the State Board of Trustees for the Hartford Public Schools was the official policymaker for the Hartford Public Schools. Before you can hold the Hartford Public Schools liable, you must be convinced that the acts in question were officially sanctioned or ordered by the Hartford Public Schools.[67]

Plaintiff contends that Ms. Mahoney engaged in the harassing conduct. The Hartford Public Schools, however, can only be held liable if Ms. Mahoney was a final policy maker with respect to employment policies for the Hartford Public Schools. Thus, a person may have discretion in the exercise of particular functions in an area without being the official responsible for establishing the policy in that area.[68] For example, the Courts recognize that a person may have discretion to hire and fire employees without being the official responsible for establishing a

---

[65] Monell v. Dep't of Social Services of the City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed.2d 611 (1978); Goldberg v. Town of Rocky Hill, 973 F.2d 70, 72 (2d Cir. 1992).
[66] McMillian v. Monroe County, Alabama, 520 U.S. 781, 117 S. Ct. 1734, 1736, 138 L. Ed. 2d, (1997).
[67] Pembaur, 475 U.S. at 480.
[68] Pembaur, 475 U.S. at 482-84.

public school district's employment policy.[69]  Thus, even if Plaintiff has proven that Ms. Mahoney

has the power to perform certain acts, such as assigning various duties to her staff, you must find

in favor of the Hartford Public Schools if you find that another entity, such as the State Board of

Trustees for the Hartford Public Schools, retained the power to establish employment policies for

the Hartford Public Schools.  In other words, even if you find that Ms. Mahoney had acted in an

unconstitutional manner, you must find in favor of the Hartford Public Schools if Plaintiff fails to

prove by a preponderance of the evidence that Ms. Mahoney was a final policymaker in the area of

employment practices or that her actions represented the official policy of the Hartford Public

Schools.[70]

       2.    <u>Due Process Claim</u>

       Plaintiff also claims that her right to due process under Section 1983 was violated

when her employment was allegedly not free from harassment and she was not given equal

consideration for an employment opportunity.  The same standards that I have just explained with

respect to Plaintiff's equal protection claim apply to her due process claim.  Thus, on her due

process claim, you may only find the Hartford Public Schools liable if Plaintiff proves that (1) the

Hartford Public Schools maintained an official policy or custom of harassing employees by

transferring them to other positions and not giving them equal consideration for employment

---

[69] <u>See</u> <u>Pembaur</u>, 475 U.S. at 483 n.12.

[70] <u>See</u> <u>id.</u>

opportunities; (2) some official of the Hartford Public Schools intentionally implemented that policy or custom resulting in the deprivation of Plaintiff's right to due process; and (3) this official's actions proximately caused Plaintiff's injury.  The Hartford Public Schools, however, can only be held liable if Plaintiff proves that the official who deprived Plaintiff of her right to due process was a final policy maker with respect to employment policies for the Hartford Public Schools.  Again, as I previously explained, before you can hold the Hartford Public Schools liable, you must be convinced that the acts in question were officially sanctioned or ordered by the Hartford Public Schools.[71]  If Plaintiff does not prove this, then you must find in favor of the Hartford Public Schools.

Once again, I remind you that an employer is entitled to make a business decision for a good reason, a bad reason or no reason at all.  You are not asked to determine whether the Hartford Public Schools' decisions were good or wise ones.  You are only asked to determine whether Plaintiff has proven that the Hartford Public Schools, itself, maintained a policy of harassing its employees and depriving them of equal consideration of employment opportunities and that some official of the Hartford Public Schools implemented such policies causing Plaintiff injury.

To sum up Plaintiff's burden for her equal protection claim and due process claim, even if you find that an official of the Hartford Public Schools denied Plaintiff equal protection of the

---

[71] Id. at 480.

laws or deprived her of her right to due process, but you find that Plaintiff has failed to prove by a preponderance of the evidence that such officials acted pursuant to an official policy or custom of the Hartford Public Schools that caused the Constitutional violations, you must find in favor of the Hartford Public Schools on her equal protection claim and due process claim.

DEFENDANT'S PROPOSED
INSTRUCTION NO. 11

## BURDEN OF PROOF—BREACH OF CONTRACT CLAIM

In addition to the claims that I have just explained to you, Plaintiff has asserted a state law breach of contract claim against the Hartford Public Schools. Plaintiff bases this breach of contract claim on sections of the Hartford Public Schools' Policy and Administrative Manual. Plaintiff claims that the Manual created contractual terms that the Hartford Public Schools would promptly and thoroughly investigate any harassment complaint, it would not retaliate against Plaintiff for making such a complaint, and it would provide her with equal consideration for an employment opportunity.

The instructions that I will give you for this breach of contract claim are similar to the instructions that I gave you concerning the burden of proof required in finding a property interest in Plaintiff's due process claim. This is because Plaintiff's due process claim was based on her assertion that certain sections of the Manual were contractually binding, giving rise to a property interest. The burden of proof for Plaintiff's breach of contract claim is not, however, entirely the same as that for Plaintiff's due process claim.

It is Plaintiff's burden to identify those sections of the Manual that she claims are contractually binding and to prove that those sections do, in fact, create a contract between her and the Hartford Public Schools. For a contract to exist, you must find that there was an actual

agreement between Plaintiff and the Hartford Public Schools and that the Hartford Public Schools

agreed, either by words or action or conduct, to undertake a contractual commitment to Plaintiff.[72]

Plaintiff's belief that a contract existed between her and the Hartford Public Schools based

on the Manual, without more, is insufficient to prove that such a contract did, in fact, exist.[73]

Rather, in order for you to find that specific statements in the Manual can form the basis of a

contract, you must find both that there was an offer, that is, a promise, and an acceptance of that

offer.[74]  To determine whether an offer was made to Plaintiff, you must not suppose, presume,

believe, suspect, imagine, or hope that an offer has been made.[75]  An offer must be intentional,

definite in its terms, and communicated; otherwise, there can be no meeting of the minds.[76]

Language that is general and indefinite in its terms cannot be reasonably relied upon to assert the

existence of a contractual promise.[77]  You must find definite and unequivocal language

manifesting an intent by the Hartford Public Schools to be contractually bound to a specific

promise to Plaintiff in order for a contract to be formed.[78]

---

[72] Therrien v. Safeguard Manufacturing Co., 180 Conn. 91, 94, 429 A.2d 808 (1980).

[73] Reynolds v. Chrysler First Commercial Corp., 40 Conn. App. 725, 733, 673 A.2d 573 (1996), appeal denied, 237 Conn. 913, 675 A.2d 885 (1996); Christensen v. Bic Corp., 18 Conn. App. 451, 458 n.2, 558 A.2d 273 (1989); Manning v. Cigna Corp., 807 F. Supp. 889, 896 (D. Conn. 1991).

[74] Torosyan v. Boehringer Ingelheim Pharmaceuticals, Inc., 234 Conn. 13-14, 662 A.2d 89 (1995).

[75] Burnham v. Karl & Gelb, P.C., 50 Conn. App. 385, 389 (1998); Reynolds, 40 Conn. App. at 733, Manning, 807 F. Supp. at 896.

[76] Id.; ABA Model Jury Instructions, Employment Litigation, supra, at § 3.04[2][a].

[77] Sivell v. Conwed, 666 F. Supp. 23, 27 (D. Conn. 1987); Christensen, 18 Conn. App. at 458 n.2; Finley v. Aetna Life & Casualty Co., 202 Conn. 190, 199 n.5, 520 A.2d 208 (1987).

[78] Id.

Thus, Plaintiff must first prove that the statements contained in the Manual constituted an offer to contract with her.  She must prove that these statements communicated the material terms of an employment contract to her.[79]  Keep in mind that a contractual promise cannot be created by plucking phrases out of context; there must be a meeting of the minds between the parties.[80]  Therefore, you should also consider other sections of the Manual that may be helpful in assisting you in determining whether the Hartford Public Schools made a contractual commitment to Plaintiff.  For example, you may consider the definition of "policy" in the beginning of the manual.

In addition, policies or statements may be publicized simply as guidelines.[81]  They also may be publicized to guard against liability under federal and state laws.[82]  Therefore, if you determine that the sections identified by Plaintiff are simply guidelines or statements obliging the Hartford Public Schools to comply with federal and state laws and to guard against liability under anti-discrimination laws by conducting an investigation upon receiving a complaint, then the Hartford Public Schools has not undertaken any contractual obligations towards Plaintiff.[83]  As such, you must find in favor of the Hartford Public Schools on Plaintiff's breach of contract claim.

---

[79] Torosyan, 234 Conn. at 14; D'Ulisse-Cupo v. Bd. Of Dir. of Notre Dame High School, 202 Conn. 206, 215, 520 A.2d 217 (1987).
[80] Christensen v. Bic Corp., 18 Conn. App. at 458.
[81] Grich v. Textron Lycoming, 822 F. Supp. 66, 71 (D. Conn. 1993).
[82] Peralta v. Cendant Corp., 123 F. Supp.2d 65, 83 (D. Conn. 2000).
[83] Peralta, 123 F. Supp. 2d at 83 (language of the anti-harassment policy does not indicate that defendant is undertaking any contractual obligations towards plaintiff; rather, it obliges defendant to comply with federal and

If you find that the Hartford Public Schools, through its Manual, undertook contractual obligations towards Plaintiff constituting an offer, then Plaintiff must prove that there was an acceptance of that offer.  In other words, Plaintiff must demonstrate that she accepted employment relying on the representations in the Manual.[84]  If you find that there was no acceptance of such an offer, then you must find in favor of the Hartford Public Schools on Plaintiff's breach of contract claim.

Before you find that there is an enforceable contract between the Hartford Public Schools and Plaintiff, you must also find that the parties exchanged what the law calls "consideration."  A promise is not enforceable as a contract unless something of value was given for the promise.[85]  Consideration may be anything of benefit given to the person making the promise or any detriment suffered by one party to obtain a benefit from the promise.[86]  If you find that the parties did not exchange anything of value, then the promise is unenforceable for lack of consideration.  If you

---

state anti-discrimination laws and to undertake an investigation upon receiving complaints of discrimination and/or harassment; defendant is required to publicize its equal opportunity and anti-discrimination policy, as well as the complaint procedure, in order to guard against liability under the discrimination laws); Grich, 822 F. Supp. at 71 (internal staffing procedure was not enforceable contractual obligation where it was merely a guideline, not a mandatory directive); Gally v. Columbia Univ., 22 F. Supp.2d 199, 208 (S.D.N.Y. 1999) (anti-discrimination policy does not give rise to contractual liability); see Belgrave v. City of New York, 95CV1507 (JG), 1999 U.S. Dist. LEXIS 13622 at *144 (E.D.N.Y. Aug. 31, 1999) (claim that employer failed to follow its procedures for providing equal opportunity to employees did not constitute breach of contract claim); see also Broadnax v. City of New Haven, CV980412193S, 2000 Conn. Super. LEXIS 3294 at *12 (New Haven Super. Ct., Dec. 5, 2000, Devlin, J.) (no property interest for employment environment generally free of discrimination where claim was based solely on defendant's hiring and promotion procedures).

[84] Sivell v. Conwed, 666 F. Supp. 23, 27 (D. Conn. 1987).
[85] ABA Model Jury Instructions, Employment Litigation, supra, at § 3.04[3][a].
[86] Id.

find a lack of consideration, then you must find in favor of the Hartford Public Schools on Plaintiff's breach of contract claim.

If, however, you find that there was a contract between Plaintiff and the Hartford Public Schools which was supported by consideration, you must determine whether the Hartford Public Schools breached its contract with Plaintiff.  In order to determine whether the Hartford Public Schools breached a contract with Plaintiff, Plaintiff must prove that there was an unjustified or unexcused failure by the Hartford Public Schools to perform a material promise contained in the contract.[87]  A promise is material if (1) it is so important that it significantly influenced the plaintiff's decision to enter into the contract in the first place, and (2) the failure to perform that promise will deprive the plaintiff of a reasonably expected benefit from the contract.[88]

Thus, in determining whether the Hartford Public Schools breached a contract with Plaintiff, you must decide if Plaintiff has proven that the Hartford Public Schools' alleged promises to promptly and thoroughly investigate any harassment complaint, to not retaliate against her for making such a complaint, and to provide her with equal consideration for an employment opportunity significantly influenced her decision to enter into the contract with the

---

[87] ABA Model Jury Instructions, Employment Litigation, supra, § 3.03[4][a].
[88] Id.

Hartford Public Schools. If you find that these promises did not, then the Hartford Public Schools did not breach the contract, and you must find in favor of the defendant.

If you find that Plaintiff has proven that the Hartford Public Schools made promises that significantly influenced her decision to enter into the contract, then you must also find that a failure to perform these promises would deprive the plaintiff of a reasonably expected benefit from the contract. You must find in favor of the Hartford Public Schools if you determine that Plaintiff has not proven such a deprivation would result.

Ultimately, if you decide that Plaintiff has proven that a material promise existed, you must then determine whether the Hartford Public Schools did, in fact, fail to perform the material promise. In other words, you must determine whether the Hartford Public Schools breached its contract with Plaintiff. In making this determination, you may consider the evidence that you have heard that the Hartford Public Schools conducted an investigation of Plaintiff's complaint. In addition, you may consider the reasons given by the Hartford Public Schools for Plaintiff's transfer to another position. Also, you may consider whether the language in the Manual required the Hartford Public Schools to interview and place Plaintiff in the Executive Vice Principal position at Hartford Public High School. If you find that the Hartford Public Schools' actions did not violate the terms of the Manual as asserted by Plaintiff, then you must find for the Hartford Public Schools on Plaintiff's breach of contract claim.

Finally, you have heard evidence that Plaintiff is an employee of a public entity, the Hartford Public Schools.  Thus, you may consider the effect that her claim may have on the public funds and the possible effect that a contractual recovery would have on a public employer's willingness to publicize its policies and procedures.[89]

---

[89] <u>Peralta v. Cendant Corp.</u>, 123 F. Supp.2d 65, 84 (D. Conn. 2000) (public employers may become wary of publicizing and enforcing their policies and procedures if employees are allowed contractual recovery under those policies and procedures).

DEFENDANT'S PROPOSED
INSTRUCTION NO. 12

## <u>DEFENDANT'S STATE OF MIND</u>

Plaintiff's claims under the ADEA and Section 1983 require her to prove that the Hartford Public Schools acted intentionally.[90]  The Hartford Public Schools cannot be held liable under any of these claims in this case  for negligent or mistaken acts.  Rather, the Hartford Public Schools may only be held liable if it retaliated against Plaintiff or denied her equal protection under the laws or denied her due process with an intent to do so or with a reckless disregard of the consequences of its acts.

An act is intentional if it is done knowingly, that is, if it is done voluntarily or deliberately, not because of mistake, accident, negligence or other innocent reason.  In determining whether a person acts with a requisite intent, you must evaluate what was done and what the decision-makers involved said was in their minds in view of your belief or disbelief with respect to those facts.

Thus, if you find that the Hartford Public Schools' acts were merely negligent, then, even if you find that Plaintiff was injured as a result of those acts, you must return a verdict for the defendant.[91]

---

[90] See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000); Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986).
[91] 5 Leonard B. Sand et al., Modern Federal Jury Instructions ¶ 87.03[3] (2003).

DEFENDANT'S PROPOSED
INSTRUCTION NO. 13

## **PROXIMATE CAUSE**

Plaintiff must prove that the acts of the Hartford Public Schools were a proximate cause of any injuries she sustained. Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by a plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's act or omission. If an injury was a direct result or a reasonably probable consequence of a defendant's act or omission, it was proximately caused by such act or omission.

In order to recover damages for any injury, Plaintiff must prove by a preponderance of the evidence that that injury would not have occurred without the conduct of the Hartford Public Schools. If you find that Plaintiff complains about an injury that would have occurred even in the absence of the conduct of the Hartford Public Schools, you must find that the Hartford Public Schools did not cause Plaintiff's injury.

The Hartford Public Schools is not liable if Plaintiff's injury was caused by a new or independent source. Thus, if you find that the Hartford Public Schools acted wrongfully but

that Plaintiff would have suffered injuries anyway or that Plaintiff's injuries were caused by

someone or something else, you must find in favor of the defendant.

DEFENDANT'S PROPOSED
INSTRUCTION NO. 14

**PLAINTIFF'S OPINION AS TO HER OWN QUALIFICATIONS**

During this trial, Plaintiff has testified that she believed that she was more qualified for the position of Executive Vice Principal than other candidates. Plaintiff's opinion as to her qualifications and performance carries relatively little weight, and is only entitled to any weight if corroborated by other evidence derived from the decision-makers.[92] The most probative evidence of qualification comes from the decision-makers -- the evaluators of Plaintiff's performance and qualifications.[93] In this regard, any evidence of Plaintiff's past accomplishments or involvements is insufficient to establish Plaintiff's claims.

---

[92] See, e.g., Charrette v. S.M. Flickinger Co., Inc., 806 F. Supp. 1045, 1058 (N.D.N.Y. 1992) (discharged employee's conclusory, self-serving statements that his performance was excellent is insufficient to establish that the employee performed his job satisfactorily for purpose of age discrimination claim); EEOC v. LA. Dept. of Social Services, 63 FEP 161, 164 (E.D.La. 1993) (courts cannot allow an employee's subjective belief of discrimination, however genuine, to be a basis of judicial relief); Mills v. First Federal Savings & Loan Association of Belvidere, 83 F.3d 833 (7th Cir. 1996) (employee's self serving statements about her ability are insufficient to contradict an employer's negative assessment of that ability); Little v. Republic Refining Co., 924 F.2d 93, 96 (5th Cir. 1991); Cf. Smith v. Flax, 618 F. 2d 1062, 1067 (4th Cir. 1980) (employee's perception of himself not relevant at all).

[93] See, e.g., Meiri v Dacon, 759 F.2d 989, 995 (2d Cir.), cert. denied, 474 U.S. 829, 106 S. Ct. 91, 88 L. Ed. 2d 74 (1985) ("[i]n determining whether an employee's job performance is satisfactory, courts may -- as they often must -- rely on the evaluations rendered by supervisors.").

DEFENDANT'S PROPOSED
INSTRUCTION NO. 15

**BUSINESS JUDGMENT**

In this case, it is important to remember that you are not being called upon to decide whether the defendant made good or wise decisions.[94] Nor are you being called upon to decide whether the Hartford Public Schools is a good place to work.

Employers are entitled to make their own subjective business judgments and to conduct the operations of their business as they see fit. Accordingly, you are not being asked to judge whether you agree with Plaintiff's transfer or the selection of another candidate for the Executive Vice Principal position. Rather, an employer is allowed, in ordinary circumstances, to make personnel decisions without fear of incurring civil liability.[95] It is not necessary that you believe that the best decisions were made regarding Plaintiff's transfer or the selection of another candidate for the Executive Vice Principal position or that you would have made the same decisions yourself. Your job is to decide whether Plaintiff has proven by a preponderance of the evidence that the defendant is liable for the claims brought by Plaintiff based on the instructions that I have given you.

---

[94] See e.g., Cavuoto v. Oxford Health Plans, Inc., 3:99CV00446 (EBB), 2001 U.S. Dist. LEXIS 14357 (D. Conn. June 13, 2001) ("A business decision need not be good or even wise. It simply has to be nondiscriminatory . . . .").
[95] Morris v. Hartford Courant, 200 Conn. 676, 679, 513 A.2d 66 (1986).

DEFENDANT'S PROPOSED
INSTRUCTION NO. 16

### DAMAGES

Ladies and Gentlemen, it is now my responsibility to instruct you on damages. You should draw no conclusions with respect to the fact that I am now instructing you on damages. This does not mean that I believe you should find for or against Plaintiff on the issue of liability. My instruction on damages is only meant to apply if you decide that the Hartford Public Schools is liable for any of the claims Plaintiff has presented, based upon the law as I instructed you earlier.

Damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial.

1.    Retaliation Claim under the ADEA

I will now instruct you on the issue of damages for Plaintiff's retaliation claim under the ADEA.

a.    Back Pay

In the event that you are convinced by the evidence that the Hartford Public Schools retaliated against Plaintiff for filing an age discrimination complaint by transferring her to another position, you may award her an amount in back pay for wages based

upon the evidence presented at trial. Damages are meant to put the plaintiff in the economic

position she would have occupied if the retaliation had not occurred.[96]

Thus, in determining back pay damages in this case, you may award Plaintiff the

difference between what she would have collected in salary if she had remained in the

Executive Vice Principal position and what she actually collected in salary. I instruct you that

Plaintiff is not entitled to recover any back pay award for any period of time in which you find

she would not have remained in the Executive Vice Principal position. In other words, if you

find that the Executive Vice Principal position was eliminated, Plaintiff is not entitled to any

amounts for back pay beyond the date when this position was eliminated. Remember, damages

must not be based on speculation or sympathy but rather, on the evidence presented at trial.

Further, I instruct you that Plaintiff is not entitled to recover any compensatory damages

should she prevail on her retaliation claim.[97] Therefore, you may not award her damages for

any physical, mental, and/or emotional pain and suffering allegedly experienced as a result of

her being transferred to another position in retaliation for filing an age discrimination

complaint.

---

[96] See, e.g., McKennon v. Nashville Banner Publishing Co., 513 U.S. 352, 362, 115 S.Ct. 879, 130 L. Ed. 2d 852 (1995); Bridgeport Hospital v. Connecticut Comm'n on Human Rights and Opportunities, 232 Conn. 91, 111, 653 A.2d 782 (1995) (citation omitted).
[97] See, e.g., Koehler v. Chesbrough-Ponds, Inc., 705 F. Supp. 721, 723 (D. Conn. 1988).

b.     Liquidated Damages Under ADEA[98]

With respect to Plaintiff's ADEA claim, if you determine that the Hartford Public Schools retaliated against Plaintiff for filing an age discrimination complaint, you then need to determine whether the Hartford Public Schools' retaliation was willful.  The effect of a finding of willfulness is to double the amount of actual damages you have awarded.[99]  This type of damages for a willful violation of the ADEA is called liquidated damages and is designed to punish the defendant and serve as an example or warning to others not to engage in such conduct.

Let me explain to you how to determine whether the Hartford Public Schools' actions were willful.  If you find that the Hartford Public Schools retaliated against Plaintiff by transferring her because she filed an age discrimination complaint, the retaliation would have been willful if the Hartford Public Schools knew this transfer violated the ADEA or the Hartford Public Schools showed reckless disregard for whether its conduct was prohibited by the ADEA.[100]  In other words, you must determine whether the Hartford Public Schools deliberately, intentionally, on purpose, and knowingly violated the law, or if it showed a

_____

[98] The defendant believes that liquidated damages may not be awarded against a school district.  See Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 126, 105 S. Ct. 613, 83 L. Ed.2d 523 (1985); Newport v. Facts Concerts, Inc., 453 U.S. 247, 260 n.21, 101 S. Ct. 2748, 69 L. Ed.2d 616 (1981).  These proposed instructions are included herein only in the event that the Court finds that liquidated damages may be awarded against a school district.
[99] 29 U.S.C. § 626(b).
[100] See, e.g., Hazen Paper Co. v. Biggins, 507 U.S. 604, 615, 113 S. Ct. 1701, 123 L. Ed.2d 338 (1993); Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 125-128, 105 S. Ct. 613, 83 L. Ed.2d 523 (1985); Benjamin v. United Merchants and Manufacturers, Inc., 873 F.2d 41, 43-45 (2d Cir. 1989).

reckless disregard for the law, when it transferred Plaintiff because she filed an age discrimination complaint.[101]  If the action was accidental, mistaken, unknowing or taken for some innocent or legitimate reason then the Hartford Public Schools' conduct would not be willful.[102]

It is not sufficient for Plaintiff to show that the Hartford Public Schools simply knew of the potential applicability of the ADEA.[103]  Nor can she recover liquidated damages if the Hartford Public Schools acted reasonably or in good faith.[104]  Rather, you may award liquidated damages only if you determine that Plaintiff proved both that the Hartford Public Schools retaliated against her for filing an age discrimination complaint, and that in doing so, it wholly disregarded the law without making any reasonable efforts to determine whether its conduct would constitute a violation of the law.[105]

Whether to make an award of liquidated damages, in addition to actual damages, is a matter exclusively within your province.  Such an award may be allowed only if Plaintiff has proven by a preponderance of the evidence that the Hartford Public Schools willfully retaliated against Plaintiff for filing an age discrimination complaint.  You must bear in mind that

---

[101] Id.
[102] Benjamin, 873 F.2d at 44.
[103] Hazen Paper, 507 U.S. at 615; Trans World, 469 U.S. at 125-128; Benjamin, 873 F.2d at 43-45.
[104] Id.
[105] Id.

liquidated damages should never be awarded because of any sympathy, bias or prejudice with respect to any party in the case.

      2.    <u>Equal Protection and Due Process Claims Under Section 1983</u>

I will now instruct you on the issue of damages for Plaintiff's equal protection and due process claims.

      a.    <u>Back Pay</u>

In the event you are convinced by the evidence that Plaintiff has proven that the Hartford Public Schools denied her equal protection of the laws or denied her due process, you may award her back pay for her lost wages, as I previously instructed you under the ADEA claim.

I further instruct you that Plaintiff is only entitled to a single award of back pay in this lawsuit. She may not recover twice for the same injury.[106] In other words, you may only award damages once for a particular harm regardless of the number of legal claims that Plaintiff may have proved. Thus, if you have awarded Plaintiff back pay on her retaliation claim under the ADEA in this lawsuit, you may not award her any back pay on her equal protection claim or due process claim.

---

[106] <u>Bender v. City of New York</u>, 78 F.3d 787, 793 (2d Cir. 1996); <u>Kilduff v. Adams, Inc.</u>, 219 Conn. 314, 333, 593 A.2d 478 (1991); <u>Peck v. Jacquemin</u>, 196 Conn. 53, 70 n.19, 491 A.2d 1043 (1985); ABA Model Jury Instructions Employment Litigation, <u>supra</u>, §§ 3.03[6].

b.      Emotional Distress Damages

In addition to back pay, if you find that the Hartford Public Schools intentionally denied Plaintiff equal protection of the laws or due process, the law allows Plaintiff to recover for any mental suffering that she experienced as a result of the defendant's actions.

In order for emotional distress damages to be awarded, Plaintiff must prove that she experienced actual mental suffering or emotional distress that was proximately caused by the allegedly unlawful conduct of the defendant.[107]  The mere fact that a constitutional deprivation has occurred does not justify the award of emotional distress damages.[108]  It is difficult to prove the existence or extent of mental suffering with certainty, and there is always the possibility that there is no real basis for the claim or that the suffering is exaggerated.[109]  For that reason, you must scrutinize with care the evidence offered in support of any claim for mental suffering and approach the matter with caution.  You must apply sound, common sense in reaching any damages award you make for this reason.  Indeed, any award of emotional distress damages must be supported by

---

[107] See, e.g., Johnson v. Flammia, 169 Conn. 491, 499, 363 A.2d 1048 (1975); Boland v. Vanderbilt, 140 Conn. 520, 525 (1953); Bates v. Carroll, 99 Conn. 677, 679, 122 A. 562 (1932); Preston v. Keith, 217 Conn. 12, 20-21, 584 A.2d 439 (1991); Richardson v. Pratt & Whitney Mfg. Co., 129 Conn. 669, 672, 30 A.2d 919 (1943).
[108] Patrolmen's Benevolent Ass'n. of the City of New York, Inc. v. City of New York, 310 F. 3d 43, 55 (2d Cir. 2002).
[109] See, e.g., Delott v. Roraback, 179 Conn. 406, 409, 426 A.2d 791 (1980); D. Wright & W. Ankerman, supra, §§ 222, 240.

competent evidence concerning the alleged injury.[110]  Generally, Plaintiff's testimony, standing

alone, is insufficient to sustain an award of emotional distress damages.[111]

       In awarding damages, you must also disregard any suffering that may have been

experienced by Plaintiff from causes other than the defendant's actions and award her only those

damages which you are satisfied resulted from the alleged denial of the equal protection of the

laws or due process.  Thus, if you find that Plaintiff experienced mental suffering or emotional

distress as a result of reasons other than the defendant's actions, you should not award any

emotional distress damages.

       In scrutinizing the evidence with respect to Plaintiff's mental suffering, you must also bear

in mind that such damages for mental suffering cannot be awarded simply because someone's

feelings are hurt.[112]  This is because a state of complete serenity is a rare achievement in life, and a

certain amount of emotional distress is simply a part of the price we pay for living in this world.[113]

       You may not speculate or guess as to the nature or extent of Plaintiff's injuries.  You may

only award damages for those injuries that Plaintiff has proven, by a fair preponderance of the

evidence and with a reasonable probability, resulted from the actions of the Hartford Public

Schools.  In this regard, you may consider whether Plaintiff's alleged mental distress was the

---

[110] Patrolmen's Benevolent Ass'n., 310 F.3d at 55 (quoting Carey v. Piphus, 435 U.S. 247, 264 n.20 (1978)).
[111] Id.
[112] Hiers v. Cohen, 31 Conn. Supp. 305, 308-309, 329 A.2d 609 (1973).
[113] Restatement (Second) of Torts § 46, Comment d (1977).

product of other sources of stress in his life, such as her health or her life outside of work. You must remember that the burden of proving damages with reasonable certainty lies with Plaintiff. The theory of emotional distress damages is to provide fair and just compensation, no more and no less, to Plaintiff.

        3.      <u>Breach of Contract Damages</u>

I will now instruct you on the issue of damages for Plaintiff's breach of contract claim.

In the event that you are convinced that Plaintiff has established that the Hartford Public Schools is liable for breach of contract, you should award her a sum that will compensate her for the foreseeable monetary harm caused by the Hartford Public Schools' breach of contract.[114] It is Plaintiff's burden to prove her damages with reasonable certainty by a preponderance of the evidence.

In determining the amount of damages, if any, to be awarded to Plaintiff on her claim for breach of contract, you must bear in mind that contract damages are simply intended to put

---

[114] ABA Model Jury Instructions, Employment Ligitation, <u>supra</u>, § 3.03[6].

Plaintiff in a position as if the contract had been performed.[115]  Thus, Plaintiff is not entitled to be placed in a better position than she would have been in had the contract been fully performed.[116]

Moreover, Plaintiff is only entitled to recover damages to the extent that her losses are the direct result of the Hartford Public Schools' breach of contract.[117]  Thus, Plaintiff cannot recover damages for anything she did that was not directly attributable to the breach of contract.[118]

With these principles in mind, in determining damages for breach of contract, you may award Plaintiff back pay for her lost wages, as I previously instructed you under the ADEA claim.

Remember, however, Plaintiff is only entitled to a single award of back pay in this lawsuit.  She may not recover twice for the same injury.[119]  In other words, you may only award damages once for a particular harm regardless of the number of legal claims that Plaintiff may have proved.[120]  Thus, if you have awarded Plaintiff back pay on her ADEA or equal protection claim or due process claim in this lawsuit, you may not award her any back pay on her breach of contract claim.

---

[115] Preston v. Phelps Dodge Copper Products Co., 35 Conn. App. 850, 860, 647 A.2d 364 (1994); Restatement (Second) of Contracts § 347 cmt.a (1981); 5 Corbin on Contracts §§ 992, 1002 (1964).

[116] Brads v. First Baptist Church of Germantown, Ohio, 89 Ohio App.3d 328, 339, 624 N.E. 2d 737 (1993); III Farnsworth on Contracts § 12.16 (1990).

[117] D. Wright & W. Ankerman, supra, § 223; 5 Corbin on Contracts § 997 (1964); 22 Am. Jur. 2d, Damages, § 454 (1988); cf. Colby v. Burnham, 31 Conn. App. 707, 722-723, 627 A.2d 457 (1993).

[118] Id.

[119] Bender v. City of New York, 78 F.3d 787, 793 (2d Cir. 1996); Kilduff v. Adams, Inc., 219 Conn. 314, 333, 593 A.2d 478 (1991); Peck v. Jacquemin, 196 Conn. 53, 70 n.19, 491 A.2d 1043 (1985); ABA Model Jury Instructions Employment Litigation §§ 3.03[6].

[120] Id.

Finally, in awarding damages for breach of contract, I instruct you that you may not award Plaintiff for any non-economic injury she may have suffered, including punitive damages or damages for emotional distress.[121]

    4.    <u>Nominal Damages</u>

After considering all of the evidence introduced in this case, you may find that the Hartford Public Schools intentionally violated the ADEA or intentionally denied Plaintiff equal protection of the laws or due process or breached a contract with Plaintiff, but that Plaintiff has not proven that she suffered any compensable injury as a result of such actions.  If you make such a finding, you are entitled to find in favor of Plaintiff and award her nominal damages.  In fact, unless plaintiff proves by a preponderance of the evidence that the defendant proximately caused her an actual injury, you may not award her anything more than nominal damages.  Typically, nominal damages are awarded in the amount of $1.

You may not award both nominal damages and back pay damages.  Thus, if you find that Plaintiff is entitled to back pay damages, you may not award her nominal damages.

    5.    <u>Attorney's Fees</u>

In awarding damages in this case you should not be concerned by the attorney's fees to which the plaintiff's attorneys may be entitled for handling this lawsuit.  That is a matter

---

[121] <u>Barry v. Posi-Seal Int'l, Inc.</u>, 40 Conn. App. 577, 584, 672 A.2d 514, <u>appeal</u> <u>denied</u>, 237 Conn. 917, 676 A.2d 1373 (1996); Restatement (Second) of Contracts § 355 (1981).

for me to consider, and may be awarded over and above damages awarded by the jury to the plaintiff. The fees to which the plaintiff's attorneys may be entitled for handling this lawsuit are not a proper element of damages and may not be a part of your deliberations.[122]

---

[122] <u>Lorillard v. Pons</u>, 434 U.S. 575, 98 S. Ct. 866, 55 L. Ed. 2d 40 (1978); <u>Fariss v. Lynchburg Foundry</u>, 769 F.2d 958 (4th Cir. 1985); <u>Blum v. Western Electric Co.</u>, 731 F.2d 1473, <u>cert</u>. <u>denied</u>, 469 U.S. 874, 105 S. Ct. 233, 83 L. Ed 2d 161 (10th Cir. 1984).

DEFENDANT'S PROPOSED
INSTRUCTION NO. 17

## **NO DUPLICATION OF DAMAGES**

If you have determined that Plaintiff is entitled to damages on any of her claims for relief

in this case, I instruct you that she may not recover twice for the same injury.[123]  In other words,

you may only award damages once for a particular harm regardless of the number of legal claims

that Plaintiff has proven.  For example, if you find the Hartford Public Schools liable on both

Plaintiff's ADEA claim and equal protection claim and Plaintiff is entitled to damages, you may

not award Plaintiff twice for any lost wages.

Also, if you find in favor of Plaintiff on any or all of the counts in her complaint, but find

that she suffered no injuries, you must not award her nominal damages more than once.

Similarly, if you find that Plaintiff has prevailed under her equal protection claim and is

entitled to damages for emotional distress under that claim, you may not award her additional

damages for emotional distress if you also find that she has prevailed under her due process claim.

You may only award her these damages once.

---

[123] Bender v. City of New York, 78 F.3d 787, 793 (2d Cir. 1996); Kilduff v. Adams, Inc., 219 Conn. 314, 333, 593 A.2d 478 (1991); Peck v. Jacquemin, 196 Conn. 53, 70 n.19, 491 A.2d 1043 (1985); ABA Model Jury Instructions Employment Litigation, supra, § 3.03[6].

In order to assist you in making any damages award correctly, you will be given a special form that will require you to identify the amount of the damages you have calculated for each claim.

DEFENDANT'S PROPOSED
INSTRUCTION NO. 18

## **REWARD FOR PAST SERVICE**

You may not find for Plaintiff to reward past services to the Hartford Public Schools because of some general feeling that the employee deserved better from her years of employment.  The question for you is not whether the employee in your view was treated well, but whether the Hartford Public Schools is liable for the claims asserted in the complaint.

DEFENDANT'S PROPOSED
INSTRUCTION NO. 19

## AVOIDING SYMPATHY, PREJUDICE AND SPECULATION

Ladies and Gentlemen, I must remind you that the mere filing of a lawsuit containing allegations or claims against another person is proof of nothing.  And you must not draw any inference from that fact.  To decide whether a case has been proven in accordance with all of the requirements of law on which I have instructed you, you must look to the evidence, for it is from the evidence that you must determine whether the Plaintiff has proven her case.  Your verdict must be based absolutely and solely upon the evidence given to you here in the trial of this case.  You should not be swayed or influenced by any sympathy or prejudice for or against any of the parties.  You should not be influenced by any claims or comments of counsel which are not warranted by the evidence, but you should decide the case upon the evidence presented before you at this trial with due regard to the law as stated by the Court, as applied to the facts which you find to be established by the evidence.  You should draw no inferences from material or testimony that was excluded from evidence or from the mere asking of a question to which an objection is sustained or which has not been answered.

As I have instructed you, your decision must be based upon the evidence alone and you must not surmise, speculate or guess as to the material facts in this case.

_____

D. Wright & W. Ankerman, <u>supra</u> §312.

DEFENDANT'S PROPOSED
INSTRUCTION NO. 20

## **SPECIAL VERDICT FORM**

A form of special verdict has been prepared for your convenience.  You will take this form to the jury room.

(Form of special verdict is read.)

You will note that each of the interrogatories or questions calls for a specific answer, or a specific amount of damages.  The answer to each question must be your unanimous answer.  Your foreperson will write your unanimous answer in the space provided opposite each question.  As you will note from the wording of the questions, it will not be necessary to consider or answer certain questions depending upon your answer to an earlier question.

After the interrogatories or questions are answered, the foreperson will then date and sign the special verdict as so completed, and you will then return with it to the courtroom.

DEFENDANT,
HARTFORD PUBLIC SCHOOLS


By_____
          Joseph W. McQuade, ct12121
          Kainen, Escalera & McHale, P.C.
          21 Oak Street, Suite 601
          Hartford, CT  06106
          Telephone (860) 493-0870
          Facsimile (860) 493-0871
          jmcquade@kemlaw.com
          Their Attorneys



## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing Defendant's Submission of Proposed Jury

Instructions was mailed, via first-class, pre-paid, U.S. Mail on this the 19th day of March 2004

to:


        Judith D. Meyer, Esq.
        Law Office of Judith D. Meyer
        152 Simsbury Road
        P.O. Box 451
        Avon, CT  06001-0451



                              _____
                                    Joseph W. McQuade

12783