**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **CLARA LEE**, | **:** | **CIVIL ACTION NO.** |
| **Plaintiff,** | **:** | **3:02CV819 (PCD)** |
| | **:** | |
| **vs.** | **:** | |
| | **:** | |
| **HARTFORD PUBLIC SCHOOLS,** | **:** | |
| **Defendant.** | **:** | **MARCH 19, 2004** |

**DEFENDANT'S SUBMISSION OF SECTION C**
**TRIAL PREPARATION ORDER COMPLIANCE**

Pursuant to the court's order, Defendant, Hartford Public Schools, hereby submits its compliance with Section C of the court's Trial Preparation Order. Plaintiff's counsel will be submitting Sections A and B of the Trial Order along with Plaintiff's Section C compliance.

1. Trial Counsel

Plaintiff will be represented by:

Judith D. Meyer, Esq.
152 Simsbury Road
P.O. Box 451
Avon, CT 06001-0451
(860) 678-7711 (tel.)
(860) 677-6832 (fax)
judithdmeyer@igc.org

Defendant will be represented by:

Joseph W. McQuade, Esq.
Jennifer L. Dixon, Esq.
Kainen, Escalera & McHale, P.C.
21 Oak Street, Suite 601
Hartford, CT 06103
(860) 493-0870 (tel.)
(860) 493-0871 (fax)
jmcquade@kemlaw.com
jdixon@kemlaw.com

2. Jury/Court Trial: Plaintiff has elected a trial by jury.

3. Estimated Trial Time: Given the number of witnesses and exhibits listed in the Trial Preparation Order, the Defendant estimates 10 days of trial. Of course, the length of the trial will be dictated by the plaintiff's case-in-chief.

4. Consent to Trial Before a Magistrate Judge: The Defendant does not consent to trial of this action before a Magistrate Judge.

5. Further Proceedings Prior to Trial: The Defendant is filing various Motions in Limine and requests oral argument prior to the commencement of trial. The Motions in Limine are designed to address specific evidentiary issues prior to trial in order to streamline the trial and to cut down on interruptions in the presentation of evidence.

6. Settlement: The parties have attempted to resolve this matter at several junctures but have been unsuccessful to date. The Defendant believes that a settlement conference would be productive but cannot predict whether a settlement would be reached.

7. Basis for Federal Jurisdiction: The court has federal question jurisdiction over this matter in that Plaintiff alleges violations of the ADEA as well as constitutional violations pursuant to 42 U.S.C. §1983. Plaintiff claims that the court has supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over her state-law breach of contract claim.

8. Causes of Action: Plaintiff's remaining causes of action for trial are: (1) an ADEA retaliation claim; (2) an equal protection claim, brought pursuant to 42 U.S.C. §1983, except for any claims "surrounding and related to her transfer/demotion and non-selection for the Executive Vice Principal position"; (3) a procedural due process claim, brought pursuant to 42 U.S.C. §1983, only to the extent that Plaintiff can "attempt to prove that the [Hartford Public Schools' Administrative Manual] creates a binding right to employment free of harassment and given equal employment opportunity and not her claim to specific rights to an effective investigation and specific procedural consideration for her employment application;" and (4) a breach of contract claim. Defendant denies that it is liable to Plaintiff for any of the relief that she seeks.

9. Proposed Voir Dire Questions:

Defendant's Proposed Voir Dire Questions:

1. Do you or any member of your family know Ms. Clara Lee, any member of Ms. Lee's family, or anyone who has ever worked with her or been associated with her? If so, please describe the circumstances.

2. Do you or any member of your family, know or have you had dealings with any of the following persons or law firms or with their immediate respective families? If so, please describe the circumstances.

Attorney Judith D. Meyer

Attorney Joseph W. McQuade

Attorney Jennifer L. Dixon

The law firm of Kainen, Escalera & McHale, P.C., in Hartford

Neil Macy

Candice Cohens

Robert Stacy

Ann-Marie DeGraffenreidt

Anthony Amato

Jose Colon-Rivas

Robert Morris

Robert Henry

Christine Mahoney

Gail Johnson

Milly Ramos

Thomas Ritter

Norma Lavoie

Frances DiFiore

Richard Deschenes

Paul Stringer

Matthew Borrelli

Robert Furek

Lorraine Aronson

3. Have you, or any member of your family or any of your friends, ever attended the Hartford Public schools? If so, when? For how long?

4. Have you, or any member of your family or any of your friends, ever been employed by the Hartford Public Schools? If so, in what department and in what position? For how long? Did such employment end? If so, how or under what circumstances?

5. Have you, or any member of your family or any of your friends, ever applied to work for the Hartford Public Schools? If you or your family member or friend were not hired, why not?

6. Do you, or any member of your family or your friends, know or have dealings with employees of the Hartford Public Schools?

7. Have you, or any member of your family or any of your friends, ever been employed by a school? If so, please state which school, the number of years of employment,

the position and department in which you, your family member or friend were employed, whether you, your family member or friend are still employed there and, if applicable, the reasons that you, your family member or friend are no longer employed there.

8. Have you, or any member of your family or any of your friends, ever been employed by a municipality? If so, please state which municipality, the number of years of employment, the position and department in which you, your family member or friend were employed, whether you, your family member or friend are still employed there and, if applicable, the reasons that you, your family member or friend are no longer employed there.

9. Are you, or any member of your family or any of your friends, members of a union?

10. Do you believe that you are more likely to believe or credit the testimony of a union official or union member over testimony given by a non-union employee? Are you more likely to believe or credit the testimony of a union official or union member over the testimony of management?

11. Have you read or heard anything about this case prior to today or had any knowledge about it? If so, please explain.

12. Have you heard anything about the Hartford Public Schools' employment practices? If so, what have you heard or read? Do you think that what you have heard or read

will affect your ability to hear and impartially decide this case, based solely on the evidence presented here in court.

13. Have you heard anything about Anthony Amato, the former Superintendent of Schools in Hartford? If so, what have you heard? Have you formed any opinions regarding him or the Hartford Public Schools? Do you think that your opinions will affect your ability to hear and impartially decide this case based solely on the evidence presented here in court?

14. Have you heard about the Sheff v. O'Neill case? What do you know? Have you formed any opinions regarding efforts to racially integrate the Hartford Public Schools?

15. Have you heard about the state's takeover of the Hartford Public Schools starting in 1997? What have you heard? Have you formed any opinions regarding the state takeover?

16. Have you, any of your family members or friends ever been involuntarily transferred at work or denied a promotion? Was it for discriminatory reasons? Explain.

17. Have you ever had to supervise another employee at your workplace? If so, describe the circumstances.

18. Have you ever employed other people? If so, explain the circumstances.

19. Have you ever been involved in personnel, human resources or employee relations work? If so, explain.

20. Have you, any member of your family or friends, ever been laid off or terminated from employment? If so, please explain the circumstances.

21. Do you have any strong personal feelings about cities or urban schools? If so, explain.

22. Do you have any strong personal feelings about the Hartford Public Schools? If so, explain.

23. Do you have any strong personal feelings about teachers or school administrators? If so, explain.

24. Do you believe that you could treat a school district with the same fairness that you could treat an individual? If not, why not?

25. Have you or any member of your family or your friends ever felt discriminated against or treated unfairly because of race, sex, age, color, disability, national origin or sexual orientation? If so, please explain the circumstances. What action, if any, did you, your family member or close friend take? What was the result of that action? Were you, your family member or your friend satisfied with the results?

26. Have you, any of your family members or friends ever been involved in a lawsuit either as a plaintiff, defendant or witness? If so, what type of case was it and what was your or their involvement? What was the result? Were you or they satisfied with the result? Explain.

27. Have you, any member of your family or friends, ever filed charges or claims of employment discrimination with any governmental agency? If so, what type of claim was it? What was the outcome? Was the result satisfactory?

28. Has any member of the panel served on a jury before? If so, please provide the details regarding the nature of the case and the result in the case.

29. Do you believe that if somebody sues a school district, he or she should get at least something for having brought the lawsuit?

30. Do you believe that, regardless of fault, the party with the greater resources and greater ability to pay should do so?

31. Do you believe that school districts have "deep pockets" and can better afford to pay claims because no individual will be hurt, only the taxpayers?

32. Do you have any preconceived notions about civil rights or employment discrimination litigation that would cause you not to have a free and open mind in this case?

33. Do you have any feelings or beliefs that would cause you to favor the testimony of an employee over the testimony of a supervisor?

34. Do you have any feelings or beliefs that would cause you to favor the testimony of an older person over the testimony of a younger person?

35. Do you have any feelings or beliefs that would cause you to favor the testimony of a younger person over the testimony of an older person?

36. Have you, any member of your family or close friends ever been a member of or active in any group that advocates for the preservation or advancement of civil liberties? What is the name of such organization and what is the nature of such involvement?

37. Have you, any member of your family or close friends ever been in therapy for any reason, including emotional problems related to any employment? If so, explain.

10. Written Statement in Lieu of an Opening Statement:

**NOTE: Pursuant to D. Conn. L. Civ. R. 83.4, the Defendant requests the opportunity to present an opening statement in this case.**

In 1997, the State of Connecticut seized control of the Hartford Public Schools. The Connecticut legislature found that the Hartford Public Schools were in a state of crisis and that resolution of the crisis was of paramount importance to the State. Therefore, the State of Connecticut established a State Board of Trustees for the Hartford Public Schools to act as the Board of Education in Hartford and to be solely responsible for the management of the Hartford Public Schools. The mission of the State Board, of course, was to dramatically improve the Hartford Public Schools.

Coincidentally, at the beginning of the 1997-1998 school year, the Plaintiff, Clara Lee was appointed as the acting principal of Weaver High School in Hartford. She applied for the Principal's job on a permanent basis and was a finalist for that position. Ultimately, another candidate, Christine Mahoney, was selected as the Principal and the Plaintiff, Clara Lee, then

served as her Executive Vice Principal. During that school year, Christine Mahoney was unsatisfied with Plaintiff's performance and let her know that through her performance review. Plaintiff complained to her union regarding that evaluation and the union convinced the Human Resources Department for the schools to not place the evaluation in Plaintiff's file but agreed that the evaluation could be used to set goals for the following year. During the 1998-1999 school year, Christine Mahoney was again dissatisfied with Plaintiff's performance and, at appropriate intervals throughout the year, let her know that through various memoranda and performance evaluations. Given Christine Mahoney's dissatisfaction with her performance, Plaintiff decided to complain about age discrimination to the Human Resources Department in February of 1999. That complaint was investigated and found to be unsubstantiated.

On April 1, 1999, the State Board of Trustees hired a new Superintendent of Schools, Anthony Amato, with the direction to turn the schools around. Mr. Amato sought to raise standards and to hold employees accountable for their performance. For the 1998-1999 school year, Christine Mahoney rated Plaintiff's performance as Unsatisfactory and documented Plaintiff's failings.

As a result of her unsatisfactory performance, Plaintiff was offered an opportunity to either: accept a transfer to another position at another school with the chance to work with a different principal; or to stay at Weaver High School and continue working under Christine Mahoney. Plaintiff chose to transfer to a different position, rather than to stay at Weaver.

Now, Plaintiff denies that she chose to transfer to another position and claims that she was forced to transfer by the Hartford Public Schools. Moreover, she claims that the Hartford Public Schools forced her to transfer because she filed an age discrimination claim. The Defendant contends that Plaintiff chose to transfer as set forth in a letter that she sent to Mr. Amato and an agreement entered into on her behalf by her union. She was offered the opportunity to transfer based on her performance reviews and her relationship with Christine Mahoney.

Next, Plaintiff claims that she was denied an Executive Vice Principal position at Hartford Public High School in 2000. Again, she claims that she did not get this position because she complained about age discrimination. The Defendant contends that Plaintiff was not the most qualified candidate for the position. After all, her record revealed that she had not performed well as an Executive Vice Principal at a high school in her last assignment. Moreover, Hartford Public High School was about to lose its accreditation and the incoming Principal was allowed to assemble his team of administrators. Given the high stakes, no one was willing to take a chance on Plaintiff.

Plaintiff also complains that Christine Mahoney assigned menial duties to her and that the Hartford Public Schools' investigation of her complaint was not completed to her satisfaction. Somehow, she contends that this violated her Constitutional rights. The Defendant contends that the investigation was undertaken and completed. In addition, the

Defendant contends that Plaintiff was assigned appropriate duties based upon her demonstrated abilities and the administrative needs of Weaver High School. Plaintiff's constitutional rights were not violated by the Hartford Public Schools.

Plaintiff also claims that she entered into a contract with the Hartford Public Schools to investigate discrimination or harassment complaints to her satisfaction and that her application for any position would be considered to her satisfaction. The Defendant contends that Plaintiff is a member of a union. Plaintiff's union and the State Board of Trustees did enter into a contract, otherwise known as a collective bargaining agreement. However, the Hartford Public Schools never entered into a contract with Plaintiff over and above the collective bargaining agreement. Thus, there was no contract between the Hartford Public Schools and Plaintiff as she contends. Moreover, there was never any breach of any such contract. Therefore, Defendant denies that it has illegally retaliated against Plaintiff, denied her her constitutional rights or breached any contract with her. The Hartford Public Schools asks that you enter judgment in its favor.

11. Requests to Charge: Defendant's Requests to Charge are being filed herewith.

DEFENDANT,
HARTFORD PUBLIC SCHOOLS

By______________________________

Joseph W. McQuade, ct12121
Jennifer L. Dixon, ct15914
Kainen, Escalera & McHale, P.C.
21 Oak Street, Suite 601
Hartford, CT 06106
Telephone (860) 493-0870
Facsimile (860) 493-0871
jmcquade@kemlaw.com
jdixon@kemlaw.com
Their Attorneys

**CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing Defendant's Submission of Section C Trial Preparation Order Compliance was mailed, via first-class, pre-paid, U.S. Mail on this the 19th day of March 2004 to:

Judith D. Meyer, Esq.
Law Office of Judith D. Meyer
152 Simsbury Road
P.O. Box 451
Avon, CT 06001-0451

______________________________
Joseph W. McQuade

13274