**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **CLARA LEE**, | : | **DOCKET NO.: 3:02CV819 (PCD)** |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **HARTFORD PUBLIC SCHOOLS,** | : | |
| **Defendant.** | : | **MARCH 20, 2004** |

**TRIAL PREPARATION MEMORANDUM**

**SECTIONS A, B, AND C 1 THROUGH 6**

**1.    Claims of Fact Proposed for Stipulation as Undisputed**

1.    Clara Lee is 61 years of age.

**DEFENDANT'S RESPONSE:    Admit.**

2.    Clara Lee's life expectancy is 20.2 years.

**DEFENDANT'S RESPONSE:    Disagree.  Irrelevant, Immaterial, Speculative.**

3.    Ms. Lee filed an administrative complaint with the United States Equal Employment

Opportunities Commission, based upon the facts alleged in this action, and she received

a "Right to Sue" letter within ninety days prior to filing this case with this Court.

**DEFENDANT'S RESPONSE:    Disagree in that the proposed evidence is irrelevant**

**and prejudicial.  For purposes of trial, Defendant does not contest that Plaintiff exhausted**

**her administrative remedies with respect to her ADEA claim.  Thus, no purpose is served**

**in reading the proposed stipulation of fact to the jury.**

4.      "Hartford Public Schools" ("HPS") is Clara Lee's employer, and she has been

employed by the Hartford Public Schools continually since 1967.

**DEFENDANT'S RESPONSE:        Defendant admits that Plaintiff has been employed in**

**the Hartford Public Schools continually since 1967.  Defendant disagrees that "Hartford**

**Public Schools" was Plaintiff's employer during the time period in question.  Defendant**

**believes that the State Board of Trustees for the Hartford Public Schools ("State Board")**

**is the proper employer during the time period at issue.  Special Acts 97-4, 01-4.**

5.      HPS is an employer, as defined under the ADEA at 29 U.S.C. §630.

**DEFENDANT'S RESPONSE:        Disagree.  See, response to #4.**

6.      Defendant HPS is a school district, and a body corporate organized under the laws of

the State of Connecticut.

**DEFENDANT'S RESPONSE:        Agree.**

7.      In August, 1999, the position of High School Executive Vice Principal for HPS was Job

Grade B180; the position of High School Vice Principal was Job Grade B160; the

position of Middle School Vice Principal was Job Grade B155.

**DEFENDANT'S RESPONSE:        Agree.**

**2.      Proposed Findings of Fact**

**DEFENDANT'S GENERAL OBJECTIONS**:     Many of Plaintiff's proposed Findings of Fact are actually legal conclusions, opinions, and/or characterizations of underlying facts. Obviously, Defendant does not agree with Plaintiff's legal conclusions, opinions, and/or characterizations of the underlying facts and believes that the evidence, as a whole, will demonstrate that the characterizations of underlying facts are unwarranted and that Plaintiff has failed to meet her burden of proof with respect to her proposed conclusions of law.

1.     Clara Lee is 61 years of age and her life expectancy is 20.2 years. Lee testimony; Exh. 1.

**DEFENDANT'S RESPONSE**:     **See**, above responses.

2.     Ms. Lee began her career as a teacher in the Hartford Public Schools in 1967, fresh out of college and recruited by the City of Hartford, and she has been continually employed as a teacher or administrator for the Hartford Public Schools since that time.  Lee testimony; Exh. 2.

**DEFENDANT'S RESPONSE**:     **Defendant agrees that Plaintiff was hired in 1967 to teach in the Hartford Public Schools and has done so, either as a teacher or administrator, to present.  As to any remaining allegations, Plaintiff is left to her proof.**

3.      Ms. Lee filed an administrative complaint with the United States Equal Employment

Opportunities Commission, based upon the facts alleged in this action, and she received

a "Right to Sue" letter within ninety days prior to filing this case with this Court.  Lee

testimony, Exh.3.

**DEFENDANT'S RESPONSE**:      **See, above response.**

4.      "Hartford Public Schools" ("HPS") is Clara Lee's employer, and she has been

employed by the Hartford Public Schools continually since 1967.  Lee testimony,

Exhibit 4.

**DEFENDANT'S RESPONSE**:      **See, above response.**

5.      Defendant HPS is a school district, and a body corporate organized under the laws of

the State of Connecticut.  Lee Testimony; Exh.4.

**DEFENDANT'S RESPONSE**:      **See, above response.**

6.      HPS pays salaries to administrators according to a "Grid Placement" incorporated into

its agreement with the Hartford Principals' and Supervisors' Association.  Stacy,

DeGraffenreidt, Lee, Macy Testimony, Exh. 5, 6, 7, 23.

**DEFENDANT'S RESPONSE**:      **Defendant agrees that, during the relevant time**

**period, administrators were paid in accordance with a collective bargaining agreement**

**and that salaries were printed in an appendix to the collective bargaining agreement on a**

**salary schedule presented in grid format.  Disagree as to all remaining allegations.  See,**

**above responses.**

7.    In August, 1999, and for three years prior to that time and four years after that time, the

position of High School Executive Vice Principal ("EVP") for HPS was classified as

B180; the position of High School Vice Principal was classified as B160; the position of

Middle School Vice Principal was classified as B 155.  Stacy, DeGraffenreidt, Lee,

Macy Testimony; Exh. 5 - 7, 23, 24.

**DEFENDANT'S RESPONSE:        Agree, for the applicable time period, the applicable**

**salary grid reflected the salary classifications as noted.  As to years prior to 1999, such**

**information is irrelevant.  Also, the Executive Vice Principal position was eliminated**

**during the 2002-2003 school year.  (Anticipated Testimony of Stacy, Johnson, Henry).**

8.    In 1976, Ms. Lee began teaching at Weaver High School.  Lee testimony.

**DEFENDANT'S RESPONSE:        Agree.**

9.    One of the Weaver High students she taught was Candice Cohens, who later became her

secretary at Weaver High.  Lee, Cohens testimony.

**DEFENDANT'S RESPONSE:        Agree that Candice Cohens served as a secretary at**

**Weaver High School during some portion of the relevant period.  As to the remainder,**

**Plaintiff is left to her proof.**

10.   In 1986, Ms. Lee earned a professional upgrade because she had completed thirty

credits of graduate course work beyond her Master's Degree, and she had become a

certified as a school administrator.  Lee testimony, Exh. 8.

**DEFENDANT'S RESPONSE:**    **Defendant agrees that, in 1986, Plaintiff was upgraded to the MA +30 level based on graduate work completed beyond a Master's degree. Defendant does not contest that Plaintiff became certified as a school administrator.**

11.    Ms. Lee became a permanent full time high school vice principal in 1988.  Lee testimony.

**DEFENDANT'S RESPONSE:**    **Defendant agrees that Plaintiff became an acting vice principal in 1988 at a high school and that, thereafter, became a vice principal assigned to a high school.  See, Clara Lee Personnel File.  As to the remainder, Plaintiff is left to her proof.**

12.    In 1994, Ms. Lee was promoted to become acting EVP of Weaver High; and in 1995 she became its permanent EVP.  Lee testimony, Exh. 9.

**DEFENDANT'S RESPONSE:**    **Defendant agrees that Plaintiff took on an assignment as the Acting Executive Vice Principal at Weaver High School for the 1994-1995 school year and that she became the Executive Vice Principal starting with the 1995-1996 school year.  Disagree as to any remaining assertions.  See, Clara Lee Personnel File.**

13.    Between 1967 and 1997 and ever since 1999, Ms. Lee has received "very good" to "outstanding" overall performance evaluations, and comments that her supervisors were very pleased with her dedication, diligence and enthusiasm.  Throughout her

employment with HPS, Clara Lee has met all of her employer's reasonable expectations and performed her assigned job duties satisfactorily or better.  Lee, Morris testimony and Exh. 10-17, 22.

**DEFENDANT'S RESPONSE:** **Disagree.  Irrelevant; beyond the statute of limitations. To the extent that they are relevant and/or material to this dispute, the documents speak for themselves.**

14.    During the 1997-98 and 1998-99 school years, Clara Lee had a supervisor, Dr. Christine Mahoney, who was hostile from the start and who doggedly harassed and persecuted Ms. Lee.  Lee, Cohens testimony, Exh. 19, 26, 29, 31-52, 54, 57-62, 65-73, 75-84.

**DEFENDANT'S RESPONSE:** **Defendant agrees that Plaintiff was supervised by Dr. Christine Mahoney during the 1997-98 and 1998-99 school years.  Obviously, Defendant disagrees as to the remaining allegations and will offer evidence (testimonial and documentary) that will tend to show that Plaintiff has not proven that she was subjected to illegal discrimination, harassment or to a breach of any contract.**

15.    Dr. Mahoney assigned lower-level administrative and clerical tasks to Ms. Lee than would ordinarily be assigned to the EVP, such as creating an inventory of building keys, performing cafeteria duty, and creating weekly memoranda for the janitor; this foreseeably interfered with Ms. Lee's ability to perform her job as EVP.  Lee, Cohens, Henry, Morris, Mahoney testimony; Exh. 19, 21, 22, 31, 34, 36, 38, 40, 42-43, 46, 49,

50, 51-52, 57.

**DEFENDANT'S RESPONSE:**    **Disagree.  Anticipated Testimony of Dr. Mahoney.**

16.    Dr. Mahoney took away from Ms. Lee the authority and support necessary to allow her

to accomplish her tasks as EVP; this foreseeably interfered with Ms. Lee's ability to

perform her job as EVP.  Lee, Henry, Morris, Mahoney testimony; Exh. 19, 21, 22.

**DEFENDANT'S RESPONSE:**    **Disagree.  Anticipated testimony of Mahoney, Henry,**

**Morris, Plaintiff.**

17.    Very shortly before the 1998-99 school year began, Dr. Mahoney assigned to Ms. Lee

primary duty for a "house" of students, giving Ms. Lee and her secretary insufficient

time and resources to prepare for the new job duties; this foreseeably interfered with

Ms. Lee's ability to perform her job as EVP.  Lee, Cohens, Morris, Mahoney testimony,

Exh. 19, 22, 31-32.

**DEFENDANT'S RESPONSE:**    **Defendant admits that Plaintiff was given the**

**responsibility of overseeing some ninth grade students.  Obviously, Defendant does not**

**agree with the remainder.  Anticipated testimony of Mahoney.**

18.    Primary duty for a "house" was nearly a full time administrative job in itself, and added

to Ms. Lee's other duties as EVP it created a work overload.  Lee, Morris testimony,

Exh. 22.

**DEFENDANT'S RESPONSE:**    **Disagree.  Anticipated testimony of Plaintiff,**

**Mahoney, DiFiore.**

19.     After Ms. Lee's secretary was discharged, Dr. Mahoney demanded that Ms. Lee

        personally perform numerous clerical duties ordinarily assigned to clerical support or

        other lower-level staff, such as obtaining individual class period coverage, staff and

        student attendance functions and the key inventory, and refused to provide adequate

        staff support.  Lee, Morris testimony, Exh. 22, 34, 36, 38, 40, 42, 43, 46, 49, 50-53, 57.

**DEFENDANT'S RESPONSE:**     **Agree that Dr. Mahoney assigned Plaintiff**

**responsibility for ensuring that certain tasks were completed.  Disagree as to the**

**remainder.   Anticipated testimony of Dr. Mahoney.**

20.     Dr. Mahoney alleged that Ms. Lee failed to perform or inadequately performed non-

        urgent tasks, knowing she had overloaded Ms. Lee with clerical tasks and provided

        insufficient secretarial support; and this was a form of harassment.  Lee, Mahoney

        testimony, Exh. 19, 31, 33, 37, 39, 52, 58, 63, 72.

**DEFENDANT'S RESPONSE:**     **Agree that Plaintiff's performance was inadequate.**

**Disagree as to the remainder.  Anticipated testimony of Dr. Mahoney.**

21.     Dr. Mahoney falsely or recklessly asserted Ms. Lee had failed to perform tasks which

        she knew there was good reason not to perform, such as distribution of previous

        standardized test results which the teachers had requested not be distributed.  Lee,

        Mahoney testimony, Exh. 19, 37, 39, 59-62, 63.

**DEFENDANT'S RESPONSE:**     **Disagree.  Anticipated testimony of Dr. Mahoney.**

22.    Dr. Mahoney wrote memoranda falsely or recklessly accusing Ms. Lee of failing to

perform assigned job duties or distorting the facts, and sent copies to other

administrators.  Lee, Morris, Johnson testimony, Exh. 22, 25, 31, 35, 37, 47, 52, 54, 57,

59-62, 65, 81, 82, 84, 89.

**DEFENDANT'S RESPONSE:**     **Agree that Dr. Mahoney wrote memoranda**

**concerning Plaintiff's inadequate performance.  Disagree as to the remainder.**

**Anticipated testimony of Dr. Mahoney.**

23.    Dr. Mahoney's purpose in sending such memoranda was to make Ms. Lee appear

foolish or incompetent, and to cause others within and outside of Weaver High to shun

her, think less of her, or avoid associating with her.  Lee Testimony, Exh. 19, 29, 31, 35,

37, 47, 52, 54, 58, 59, 65, 68, 70, 71, 72, 81, 82.

**DEFENDANT'S RESPONSE:**     **Disagree.  Anticipated testimony of Dr. Mahoney.**

24.    Dr. Mahoney's conduct interfered with Ms. Lee's positive relationships with others

within the school and the school community.  Lee, Cohens testimony, Exh. 34, 54, 59-

62.

**DEFENDANT'S RESPONSE:**     **Disagree.  Anticipated testimony of Dr. Mahoney.**

25.    Dr. Mahoney failed or refused to share information with Ms. Lee or ask her opinion

about anything, despite Ms. Lee's far greater experience in Weaver High operations.

Lee testimony.

**DEFENDANT'S RESPONSE:**    **Disagree.  Anticipated testimony of Dr. Mahoney.**

26.    Dr. Mahoney wrote a bad performance evaluation for Ms. Lee's performance for the 1997-1998 school year, in bad faith, which was the first bad performance evaluation Clara Lee had ever received, and which was removed from Ms. Lee's record as a result of a grievance filed on Ms. Lee's behalf by her union.  Lee, Macy, Stacy testimony, Exh. 23, 26-28.

**DEFENDANT'S RESPONSE:**    **Defendant agrees that Dr. Mahoney wrote an accurate performance evaluation regarding Plaintiff's performance for the 1997-98 school year and that the accurate performance evaluation was removed from Plaintiff's file following Plaintiff's union's grievance because the proper time lines were not strictly followed. Disagree with the remaining allegations.  Anticipated testimony of Dr. Mahoney, Robert Stacy and Plaintiff.**

27.    Dr. Mahoney failed to develop goals for Ms. Lee for the 1997-1998 school year or the 1998-1999 school year, or otherwise communicate reasonable expectations.  Lee testimony, Exh. 30.

**DEFENDANT'S RESPONSE:**    **Disagree.  Anticipated testimony of Dr. Mahoney.**

28.    Dr. Mahoney gave Clara Lee bad progress reports and a bad performance evaluation for the 1998-1999 school year, in bad faith.  Lee testimony, Exh. 30, 37, 58, 72.

**DEFENDANT'S RESPONSE:        Defendant admits that Dr. Mahoney provided Plaintiff with accurate progress reports and performance evaluations reflecting Plaintiff's poor performance for the 1998-99 school year.  Defendant disagrees with the remaining allegations.  Anticipated testimony of Mahoney, Stacy, Johnson.**

29.    Dr. Mahoney made comments to Clara Lee about how old she was, or was becoming, and suggested that her age was reducing her abilities.  Lee testimony.

**DEFENDANT'S RESPONSE:        Disagree.  Anticipated testimony of Dr. Mahoney.**

30.    Dr. Mahoney behaved in a manner and made comments intended to humiliate Ms. Lee in front of other individuals.  Lee, Cohens testimony, Exh. 34, 36, 54, 59, 68, 70.

**DEFENDANT'S RESPONSE:        Disagree.  Anticipated testimony of Dr. Mahoney.**

31.    After Ms. Lee complained specifically about harassment and age discrimination, Dr. Mahoney made several intentionally or recklessly false assertions that Clara Lee had been dishonest.  Lee, Mahoney testimony, Exh. 19, 65-66, 75-84.

**DEFENDANT'S RESPONSE:        Disagree.  Anticipated testimony of Dr. Mahoney, Plaintiff.**

32.    Dr. Mahoney damaged Clara Lee's good name and reputation among her colleagues and the community, and made her colleagues afraid to be associated with her for fear of reprisal from Dr. Mahoney.  Lee, Cohens testimony.

**DEFENDANT'S RESPONSE:        Disagree.  Anticipated testimony of Dr. Mahoney,**

**Plaintiff.**

33.    Ms. Lee filed a grievance after Dr. Mahoney gave her a poor evaluation for the 1997-1998 school year; in response to her grievance, HPS removed the evaluation from Ms. Lee's personnel file, but stated that it could be used for the purpose of developing goals for the 1998-1999 school year.  Macy, Lee, Stacy testimony; Exh. 23, 27-28.

**DEFENDANT'S RESPONSE:**    **Defendant admits that Plaintiff's union filed a grievance regarding Plaintiff's performance evaluation for the 1997-98 school year and that, in settling the grievance, Mr. Stacy and Plaintiff's union agreed as to how the evaluation could be used.  The document speaks for itself.  Disagree as to any remaining allegations.**

34.    In fact, Dr. Mahoney did nothing to develop goals for Ms. Lee for the 1998-1999 school year.  Lee testimony, Exh. 30.

**DEFENDANT'S RESPONSE:**    **Disagree.  Anticipated testimony of Mahoney, Plaintiff and Stacy.**

35.    Dr. Mahoney used the 1997-1998 evaluation improperly, to place Ms. Lee on an "Intensive" Performance Plan, hyper-scrutinizing everything she did.  Lee testimony, Exh. 30, 37, 58, 72.

**DEFENDANT'S RESPONSE:**    **Disagree.  Anticipated testimony of Mahoney, Plaintiff, Stacy.**

36.     During the 1998-1999 school year, Ms. Lee was without a permanent secretary for six

        months of the school year.  Lee, Cohens testimony, Exh. 25, 40, 53.

**DEFENDANT'S RESPONSE:        Defendant admits that Plaintiff was not specifically**

**assigned a permanent secretary for some period of time during the 1998-99 school year.**

**As to the remainder, Plaintiff is left to her proof.**

37.     Dr. Mahoney deliberately overloaded Ms. Lee with clerical tasks and other lower-level

        functions, including attendance keeping for staff and students and finding teachers for

        class coverage, even knowing Ms. Lee did not have a secretary for six months of the

        1998-99 school year.  Lee, Morris, Mahoney testimony, Exh. 19, 22, 25, 31, 33, 34, 36,

        40-43, 46, 49-53

**DEFENDANT'S RESPONSE:        Disagree.  Anticipated testimony of Mahoney.**

38.     Dr. Mahoney intentionally damaged Ms. Lee's relationships with students, staff, central

        administration and the community.  Lee, Cohens, Stacy testimony, Exh. 23, 31, 34, 36,

        42, 47, 54, 68, 70, 89.

**DEFENDANT'S RESPONSE:        Disagree.  Anticipated testimony of Plaintiff,**

**Mahoney, Stacy and Johnson.**

39.     Dr. Mahoney failed to inform Ms. Lee of meetings she should have attended.  Lee,

        Cohens testimony.

**DEFENDANT'S RESPONSE:        Irrelevant.  Plaintiff is left to her proof.**

40.    Dr. Mahoney assigned others to attend conferences and meetings which should have been for the EVP to attend.  Lee, Cohens testimony.

**DEFENDANT'S RESPONSE:**        **Disagree.  Anticipated testimony of Mahoney.**

41.    Dr. Mahoney removed or reduced Ms. Lee's authority over other vice principals, who began to show outward signs of disrespect for her, and Dr. Mahoney refused to correct this when Ms. Lee pointed it out.  Lee testimony.

**DEFENDANT'S RESPONSE:**        **Disagree.  Anticipated testimony of Mahoney.**

42.    Dr. Mahoney fabricated and magnified performance deficiencies in Ms. Lee.  Lee, Mahoney, Morris testimony, Exh. 19, 22, 26, 35, 37, 39, 42, 47, 49, 52, 54, 58, 59, 65, 72, 81, 82, 84.

**DEFENDANT'S RESPONSE:**        **Disagree.  Anticipated testimony of Plaintiff, Mahoney, Morris.**

43.    Dr. Mahoney's conduct was motivated, at least in part, by her negative attitude towards older employees.  Lee testimony, Exh. 89.

**DEFENDANT'S RESPONSE:**        **Disagree.  Anticipated testimony of Mahoney.**

44.    Dr. Mahoney's conduct was motivated, at least in part, by improper reasons, including jealousy concerning Clara Lee's strong and positive long-term relationships with HPS administration, fellow staff, students and their parents, teachers at Weaver High School and members of the community.  Lee, Macy, Cohens testimony, Exh. 29, 89.

15

**DEFENDANT'S RESPONSE:**      **Disagree.  Anticipated testimony of Plaintiff,**

**Mahoney.**

45.      Ms. Lee brought this conduct to the attention of the HPS central administration,

including Area Director Dr. Robert Morris, and later the Human Resources Department,

and later still Superintendent Anthony Amato.  Lee, Morris, Stacy, DeGraffenreidt

testimony, Exh. 22, 23, 24, 44, 48, 55, 56, 63, 64, 73, 74, 83-88, 91.

**DEFENDANT'S RESPONSE:**      **Defendant agrees that Plaintiff brought a complaint to**

**the Human Resources department in 1999.  Disagree as to the remainder.  Anticipated**

**testimony of Stacy, DeGraffenreidt.**

46.      Ms. Lee cooperated with Dr. Mahoney and made several attempts to improve their

relationship, but Dr. Mahoney refused her overtures.  Lee, Macy, Morris testimony,

Exh. 22, 32, 33, 36, 44, 48, 50, 51, 57, 66, 83, 89.

**DEFENDANT'S RESPONSE:**      **Disagree.  Anticipated testimony of Mahoney,**

**Plaintiff.**

47.      In February, 1999 Ms. Lee filed a formal grievance regarding harassment and

discrimination, in accord with the procedures set forth in the collective bargaining

agreement for the Hartford Principals' and Supervisors' Association ("HPSA

Agreement").  Lee, Macy, Stacy testimony, Exh. 5, 23, 56.

**DEFENDANT'S RESPONSE:**      **Defendant agrees that Plaintiff went to the Human**

**Resources department and made a complaint regarding age discrimination.  As to the**

**remainder, Plaintiff is left to her proof.  Anticipated testimony of Stacy, DeGraffenreidt.**

48.     After Ms. Lee filed her age discrimination and harassment complaint, Dr. Mahoney's

conduct towards her became even worse, and she falsely and recklessly accused Ms.

Lee of dishonesty.  Lee, Stacy, Mahoney testimony, Exh. 19, 23, 58, 59-62, 65-66, 72,

81-84.

**DEFENDANT'S RESPONSE:         Disagree.  Anticipated testimony of Mahoney.**

49.     In or about June, 1999, Ms. Lee complained to the Human Resources Department of

HPS about Dr. Mahoney's hostile treatment of her, and that there was no rational basis

for the hostile treatment; that Dr. Mahoney appeared to be motivated by either age

discrimination, based upon her ageist comments, or irrational personal animosity, to

injure Ms. Lee; and that Dr. Mahoney's actions were interfering with her ability to

perform her job duties.  Lee, Macy, Stacy, DeGraffenreidt testimony; Exh. 23, 24, 64,

85, 86-88.

**DEFENDANT'S RESPONSE:         Defendant agrees that Plaintiff complained to the**

**Human Resources department in or around June of 1999.  Disagree as to the remainder.**

**Anticipated testimony of Plaintiff, Stacy, DeGraffenreidt.**

50.     Ms. Lee asked defendants to take action to correct Dr. Mahoney's misconduct and to

prevent it in the future. Lee, Macy, Stacy testimony; Exh. 23, 64, 85, 86-88.

**DEFENDANT'S RESPONSE:** **Defendant agrees that Plaintiff was not pleased with Dr. Mahoney's evaluations of her performance and complained. As to the remainder, Plaintiff is left to her proof. Anticipated testimony of Plaintiff, Mahoney, Stacy, DeGraffenreidt.**

51.    Ms. Lee complained of harassment, generally, and also derogatory age-based comments. Lee, Macy, Stacy testimony, Exh. 23, 56, 64.

**DEFENDANT'S RESPONSE:** **Disagree. Anticipated testimony of Plaintiff, Mahoney, Stacy, DeGraffenreidt.**

52.    In the summer of 1999 plaintiff was invited, for the first time, to submit additional information to the HPS Human Resources Department, which agreed to investigate her complaint. Lee, Macy, Stacy testimony, Exh. 85-88.

**DEFENDANT'S RESPONSE:** **Disagree. Anticipated testimony of Plaintiff, Mahoney, Stacy, DeGraffenreidt.**

53.    There is no record of any investigation beyond one interview of Ms. Lee, the notes from which merely repeat statements from Ms. Lee's written memoranda. Lee, Macy, Stacy, DeGraffenreidt, Johnson testimony, Exh. 23, 24, 25, 91.

**DEFENDANT'S RESPONSE:** **Disagree. Anticipated testimony of Stacy, DeGraffenreidt and Johnson.**

54.    HPS did not investigate Ms. Lee's harassment complaint thoroughly. Lee, Macy, Stacy,

DeGraffenreidt, Johnson testimony, Exh. 23, 24, 25, 91.

**DEFENDANT'S RESPONSE:**    **Disagree.  Anticipated testimony of Stacy,**

**DeGraffenreidt.**

55.    HPS did not make a serious effort to determine whether Ms. Lee's complaints of

        unreasonable conduct, harassment or discrimination were valid, or whether Ms. Lee's

        performance was actually deficient.  Lee, Macy, Stacy, Morris, Henry, Amato,

        DeGraffenreidt, Johnson testimony, Exh. 20-25, 91.

**DEFENDANT'S RESPONSE:**    **Disagree.  Anticipated testimony of Plaintiff, Henry,**

**Stacy, DeGraffenreidt.**

56.    HPS falsely asserted it investigated Ms. Lee's complaint of harassment prior to July,

        1999, and then again during the summer of 1999.  Lee, Macy, Stacy testimony, Exh.18.

**DEFENDANT'S RESPONSE:**    **Disagree.  Anticipated testimony of Stacy,**

**DeGraffenreidt.**

57.    Human Resources Executive Director Robert Stacy, Labor Relations Director

        DeGraffenreidt, Superintendent Amato and Chief of Staff Robert Henry were all aware

        of Clara Lee's complaint of harassment and discrimination in the summer of 1999.  Lee,

        Macy, Stacy, Henry testimony, Exh. 21, 23.

**DEFENDANT'S RESPONSE:**    **Defendant admits that Stacy and DeGraffenreidt were**

**aware of the complaint in the summer of 1999.  As to the remainder, Plaintiff is left to her**

**proof.  Anticipated testimony of Amato, Henry.**

58.     Mr. Stacy told Superintendent Amato that Ms. Lee's complaints of harassment and

discrimination were invalid.  Stacy testimony, Exh. 23.

**DEFENDANT'S RESPONSE:**        **Plaintiff is left to her proof.  Anticipated testimony of**

**Amato, Stacy.**

59.     Mr. Stacy discussed Dr. Mahoney's criticisms of Ms. Lee's performance with Mr.

Henry and Mr. Amato, although he had not made a reasonable effort to determine the

validity of the criticisms; and the documentary evidence Ms. Lee had provided

demonstrated that Dr. Mahoney had, in fact, overloaded Ms. Lee with an unreasonable

burden of job duties, deprived her of adequate support to do her job, fabricated and

magnified job deficiencies, and made false assertions of inadequate performance.

Neither Mr. Stacy nor Mr. Henry nor Mr. Amato made any serious effort to determine

the truth.  Testimony of Stacy, Henry, Amato, Exh. 20, 21, 23, 24, 26-28, 31, 58, 63,

72- 74, 75-84, 85-88.

**DEFENDANT'S RESPONSE:**        **Disagree.  See, the accumulation of admissible**

**evidence.**

60.     On August 25, 1999, HPS issued a letter informing Ms. Lee that Mr. Stacy had decided

her complaint of age discrimination was "unfounded."  No finding was made with

regard to her complaints of harassment, including work overload and bad faith

performance evaluations, and no further explanation was ever provided.  Lee, Macy, Stacy testimony, Exh. 23, 90.

**DEFENDANT'S RESPONSE:**       **Defendant agrees that Mr. Stacy determined that Plaintiff's complaint was unfounded or unsubstantiated.  Disagree as to the remainder. Anticipated testimony of Plaintiff, Mahoney, Stacy, DeGraffenreidt.**

61.    A letter dated August 27, 1999 instructed Ms. Lee to attend an August 30 meeting with Mr. Stacy.  Lee, Macy, Stacy testimony; Exh. 23.

**DEFENDANT'S RESPONSE:**       **Agree.**

62.    Plaintiff then had a brief meeting with Superintendent Amato, in which she hoped to set forth the problems she had experienced; but he cut her off and dismissed her, telling her to go meet with Mr. Stacy.  Lee testimony.

**DEFENDANT'S RESPONSE:**       **Agree that Plaintiff met with Stacy.  As to the remainder, Plaintiff is left to her proof.  Anticipated testimony of Amato, Stacy.**

63.    In Ms. Lee's August 30, 1999 meeting with Mr. Stacy, he told her that she was demoted five grades to the level of vice principal of Quirk Middle School, and she was assigned to an undesirable position.  Lee, Macy, Stacy testimony, Exh. 23, 6.

**DEFENDANT'S RESPONSE:**       **Disagree.  Anticipated testimony of Plaintiff, Stacy.**

64.    HPS had already decided to place a different person into Clara Lee's job in August, 1999, and push Ms. Lee out of her position at Weaver High School, without advance

notice to Clara Lee or any opportunity for her to be heard on the issues prior to the

action, and without justification.  Lee, Macy, Stacy testimony, Exh. 23, 92-94.

**DEFENDANT'S RESPONSE:**        **Disagree.  Anticipated testimony of Stacy.**

65.     Ms. Lee was given no choice of whether to remain in her position at Weaver High, or

any high school position, and no hearing to establish why she should not be removed

from high-school level administration.  Lee, Macy, Stacy testimony, Exh. 23.

**DEFENDANT'S RESPONSE:**        **Disagree.  Anticipated testimony of Plaintiff, Stacy,**

**Macy and associated documents.**

66.     HPS knew, or should have known, that Dr. Mahoney was motivated by age

discrimination and/or other improper reasons, when she disadvantaged Ms. Lee and

wrote negative evaluations of Ms. Lee, and that the evaluations were given in bad faith.

Lee, Macy, Stacy testimony, Exh. 23, 26-28, 31, 58, 63, 72- 74, 75-84, 85-88.

**DEFENDANT'S RESPONSE:**        **Disagree.  See, accumulation of admissible evidence in**

**the case.**

67.     HPS did not make any serious effort to train Dr. Mahoney in supervision of

administrators, or in the use of its evaluation document.  Testimony of Mahoney, Stacy,

Exh. 19, 23.

**DEFENDANT'S RESPONSE:**        **Disagree.  Anticipated testimony of Stacy, Mahoney.**

68.     HPS did not make any serious effort to train Dr. Mahoney to avoid ageist remarks or

insults based upon age.  Testimony of Mahoney, Stacy, Exh. 19, 23.

**DEFENDANT'S RESPONSE:**       **Disagree.  Anticipated testimony of Stacy, Mahoney.**

69.    The position as one of the vice principals at Quirk Middle School, is substantially lower

in status and in compensation than the Executive Vice Principal position at Weaver

High School.  Lee, Macy testimony, Exh. 5-7.

**DEFENDANT'S RESPONSE:**       **Disagree.  Anticipated testimony of Henry, Amato,**

**Plaintiff, Stacy.**

70.    This transfer constituted a demotion.  Lee, Macy testimony, Exh. 5-7.

**DEFENDANT'S RESPONSE:**       **Disagree.  <u>See</u>, accumulation of admissible evidence in**

**the case.**

71.    HPS falsely asserted that Ms. Lee was given a choice whether to remain in her position

at Weaver High, or a choice of other positions.  Amato testimony, Exh. 20, 18.

**DEFENDANT'S RESPONSE:**       **Disagree.  <u>See</u>, accumulation of admissible evidence in**

**the case.**

72.    HPS falsely asserted that Ms. Lee voluntarily accepted this demotion.  Testimony of

Lee, Macy, Exh. 18.

**DEFENDANT'S RESPONSE:**       **Disagree.  August 31, 1999 letter from Plaintiff to**

**Amato, as well as accumulation of admissible evidence in the case.  Exhibits 92-94 (LEE**

**432, 225, 375).**

73. HPS falsely asserted that Ms. Lee was not demoted.  Testimony of Lee, Exh. 18.

**DEFENDANT'S RESPONSE:**     **Disagree.  August 31, 1999 letter from Plaintiff to Amato.  Exhibits 92-94 (LEE 432, 225, 375).**

74. Clara Lee was treated differently from any other EVP in the school system, in that she was required to be the primary administrator for a "house" of students, required regularly to perform clerical and lower-level administrative functions personally, while none of her other administrative functions was removed.  Lee, Macy, Cohens, Morris testimony, Exh. 22.

**DEFENDANT'S RESPONSE:**     **Disagree.  Anticipated testimony of Plaintiff, Mahoney, Amato, Henry.**

75. Ms. Lee was treated differently from all other comparable employees when she was demoted to a middle school position five grades lower according to the job classes established by HPS.  Macy testimony, Exh. 94.

**DEFENDANT'S RESPONSE:**     **Disagree.  See, accumulation of admissible evidence in the case.**

76. HPS, in taking this adverse action against Clara Lee, ratified, acquiesced in and adopted Dr. Mahoney's intention to disadvantage her for improper reasons.  *See,* 45, 48-60, 63, 66, 67, 70.

**DEFENDANT'S RESPONSE:**     **Disagree.  See, accumulation of admissible evidence in**

this case.

77.    HPS did not make a reasonable effort to investigate the management problems at

        Weaver High.  *See,* 45, 48-60, 63, 66, 67, 70.

**DEFENDANT'S RESPONSE:**        **Disagree.  Anticipated testimony of Plaintiff,**

**Mahoney, Stacy, Henry, Amato.**

78.    Shortly after Ms. Lee was removed from her position, Dr. Mahoney was removed from

        the position as Principal of Weaver High School due to her poor management skills and

        lack of competence to administer an urban high school.  Macy, Amato, Henry, Stacy

        testimony, Exh. 20, 21, 23.

**DEFENDANT'S RESPONSE:**        **Disagree.  Anticipated testimony of Mahoney, Henry,**

**Stacy.  Exhibits Y-AA.**

79.    At the time Dr. Mahoney was removed from Weaver High, there had recently been

        rioting among the students in front of the school building which required police

        intervention.  Macy, Amato, Henry, Stacy testimony, Exh. 20, 21, 23.

**DEFENDANT'S RESPONSE:**        **Disagree.  Cf., Mahoney, Henry, Amato and Stacy**

**testimony.**

80.    No similar incident had occurred while Ms. Lee was EVP at Weaver High.  Lee,

        Amato, Morris testimony.  Exh. 20, 22.

**DEFENDANT'S RESPONSE:**        **Plaintiff is left to her proof.**

81.    After Clara Lee was transferred to Quirk Middle School, and after Mahoney was removed as Principal of Weaver High School, positions as vice principal at Weaver High, Bulkeley High and Hartford High became available; in addition, a position as principal of a middle school became available.  Lee, Stacy testimony, Exh. 23.

**DEFENDANT'S RESPONSE:**    **Disagree, as set out above.  Defendants agree that various positions within the school system became available at various points in time after Plaintiff chose to transfer.  Testimony of Stacy, Johnson.**

82.    HPS policy, its administrative manual and job descriptions, and its agreement with HPSA required that HPS post such positions when they became available, and that each qualified candidate be given an equal opportunity to apply for and to be considered for available positions according to the extent to which they possess the stated qualifications.  Exhibit 4, 6.

**DEFENDANT'S RESPONSE:**    **Disagree.  The documents speak for themselves.**

83.    In violation of its own personnel policies and Clara Lee's rights under her employment contract with HPS, defendants did not post those positions or give Clara Lee an opportunity to apply for such positions at Bulkeley and Weaver High Schools.  Lee, Stacy testimony, Exh. 23.

**DEFENDANT'S RESPONSE:**    **Disagree.  Stacy, Amato, Henry testimony.**

84.    During the spring of 2000, defendants published job postings for EVP of Hartford High

School two times, because the former EVP was expected to retire at the end of the year. Lee testimony, Exh. 97, 98.

**DEFENDANT'S RESPONSE:        Defendant agrees that the Executive Vice Principal position was posted in 2000.  As to the remainder, Plaintiff is left to her proof.**

85.      In or about May, 2000 Clara Lee applied for the position as EVP of Hartford High.  Lee testimony.

**DEFENDANT'S RESPONSE:        Agree.**

86.      Clara Lee was the sole applicant for this position who met the stated qualifications for the position.  Lee, Stacy testimony, Exh. 23, 96, 99, 100.

**DEFENDANT'S RESPONSE:        Disagree.  Anticipated testimony of Colon-Rivas, Amato, LaVoie.**

87.      In violation of its own personnel policies and Clara Lee's rights under her employment contract with HPS, defendants never notified the Principal at Hartford High that Clara Lee had applied for the job.  Lee, Colon, Macy testimony, Exh. 4, 6.

**DEFENDANT'S RESPONSE:        Disagree.  Anticipated testimony of Colon, Stacy.**

88.      In derogation of equal opportunity laws and its own policies, HPS gave the Hartford High Principal, Dr. Colon, "carte blanche" to select anyone he wanted, regardless of whether they met the written qualifications of the position.  Testimony of Dr. Colon, Mr. Amato, Exh. 20.

**DEFENDANT'S RESPONSE:**        **Disagree.  Anticipated testimony of Amato, Colon, Henry.**

89.    Ms. Lee received no response to her application and was not interviewed for the job, in violation of the personnel policies and practices of HPS and the defendants' contractual obligations to Clara Lee.  Lee testimony, Exh. 4, 5, 96, 100.

**DEFENDANT'S RESPONSE:**        **Disagree.  Anticipated testimony of Stacy, Henry, Johnson, Amato.**

90.    HPS hired an individual who was not qualified for the position according to the qualifications expressly stated in the job description promulgated by defendants, in violation of the personnel policies and practices of HPS and its contractual obligations to Clara Lee.  Stacy, Henry testimony, Exh. 23, 21, 95, 97-100.

**DEFENDANT'S RESPONSE:**        **Disagree.  Anticipated testimony of Colon, Stacy, Henry, Amato, Johnson.**

91.    The candidate who was hired into the position of Executive Vice Principal at Hartford High in 2000 was significantly younger than Clara Lee, and had not complained about harassment or discrimination.  Lee, Macy, Stacy testimony, Exh. 23.

**DEFENDANT'S RESPONSE:**        **Agree that the person hired for the Executive Vice Principal position at HPHS in 2000 was younger than Plaintiff and, to the knowledge of the relevant witnesses, had not previously complained about illegal harassment or**

**discrimination.  As to the remainder, Plaintiff is left to her proof.**

92.     HPS made a deliberate decision not to inform the Principal of Hartford High of Clara

Lee's application for the position or apprize him of her superior qualifications for the

job, in violation of the personnel policies and practices of HPS and the defendants'

contractual obligations to Clara Lee. *See,* 81-91.

**DEFENDANT'S RESPONSE:**     **Disagree.  Anticipated testimony of Amato, Stacy.**

93.     Since May, 2000, other high school administrative positions have become available for

which Clara Lee has applied or wished to apply, and for which she is at least as

qualified as any candidate considered or hired, but defendants have failed and refused to

provide her with any opportunity to be returned to a high school position and they have

restricted her promotional opportunities.  Lee testimony.

**DEFENDANT'S RESPONSE:**     **Disagree.  Anticipated testimony of Stacy, Johnson,**

**Henry.**

94.     Plaintiff had a contract of employment with Defendant HPS which included, among its

terms:

    a.     That administrators would be considered equally, according to their

qualifications; and those who were qualified according to the written

qualification standards, and applied for an available position, would be

permitted to interview with the decision maker.

b.     That the qualifications stated in the written job descriptions and job postings were the required qualifications for each position;

c.     That HPS would promptly and thoroughly investigate complaints of harassment, not retaliate against an employee who complained of harassment, and provide equivalent opportunities to an administrator if they sought to transfer her out of a job.

**DEFENDANT'S RESPONSE:     Disagree.  Anticipated testimony of Plaintiff, Amato, Henry, Stacy, Johnson, DeGraffenreidt and relevant documents.**

Lee, Macy, Stacy testimony, Exh. 23, 4, 5-7.

95.     HPS did not provide Ms. Lee with an equal opportunity to be considered on her merits for selection for the position of EVP of Hartford High, or any high school administrative position.  *See* 81-93.

**DEFENDANT'S RESPONSE:     Disagree.  Anticipated testimony of Plaintiff, Stacy, Johnson, Amato, Colon, Henry.**

96.     Clara Lee was the only qualified candidate for the position as EVP of Hartford High, according to the qualification standards stated by HPS in the job description.  Lee testimony, Exh. 95-100.

**DEFENDANT'S RESPONSE:     Disagree.  Anticipated testimony of Stacy, Amato, Colon.**