7.    Dr. Jose Colon

Dr. Colon will testify about his selection of administrative staff for Hartford Public High School for the 2000-2001 school year, what authority he was given and what information he was provided about applicants for the position.

8.    Robert E. Morris, Ed.D.

Dr. Morris will testify concerning Clara Lee's job performance over the course of many years, as a teacher, vice principal and Executive Vice Principal of Weaver High School;  the job duties expected of an EVP;  Christine Mahoney's job performance and behavior towards Ms. Lee;  the results of his investigation of the circumstances surrounding an incident that occurred on Martin Luther King Day, 1999;  and the various memoranda he received from Dr. Mahoney regarding Ms. Lee's performance.  He will discuss the effort, in the fall of 1998, to create a better working relationship between Dr. Mahoney and Ms. Lee.  He will further testify to his surprise when Dr. Mahoney assigned responsibility for a "house" of students to Ms. Lee, which he believes is nearly a full-time job, and discuss why this and the lack of secretarial support would foreseeably and necessarily impede Ms. Lee's ability to perform her job as EVP. He will discuss the importance of adequate support staff in order for a high school administrator to perform her job effectively and efficiently.

Dr. Morris will be asked whether he was ever aware of any rioting in front of Weaver High School prior to the fall of 1999, or any attack on police property outside the school.

9.    Robert Henry

Mr. Henry is expected to testify to his interactions with Clara Lee and with Dr. Mahoney, and the reason he recommended the decision to remove Dr. Mahoney from her position as Principal of Weaver High School.  He will discuss the difficulty managing an urban high school effectively, and the special skills that are required.  He will testify to his knowledge of the reason Dr. Mahoney was removed from Weaver High School, and any recommendation he made to remove her.  He will discuss the options he made available to her.

He will testify about the importance of adequate secretarial support in fulfilling the obligations of a high school administrator effectively and efficiently.  He will be asked to testify to any effort he made to determine the validity of Clara Lee's complaints about Dr. Mahoney.

Mr. Henry will also testify about the HPS policies, and the importance of the stated qualifications in the job descriptions HPS has adopted.  He will testify that he was aware, in August 1999, that it was unlawful and would violate HPS policy to retaliate against an employee for complaining about harassment or age discrimination.

10.    Christine Mahoney

Dr. Mahoney will be asked about her interactions with Clara Lee from the time she arrived at Weaver High School until Ms. Lee was transferred out.  She will be asked about each of the evaluations and memoranda she wrote to or about Ms. Lee that are in evidence.  She will

be asked why she assigned Ms. Lee responsibility for a "house."  She will be asked about the removal of Candice Cohens, and the efforts she made to ensure that Ms. Lee had adequate support staff.  She will be asked about Ms. Lee's efforts to have informal meetings with her, and the reasons why she refused.  She will be asked about lower-level clerical and administrative tasks she assigned to Ms. Lee.

Dr. Mahoney will be asked about any inquiry from, or discussion with, other HPS personnel about her interactions with Ms. Lee and about Ms. Lee's performance.  She will be asked about any training HPS provided in evaluating administrators, or about ageism.

11.    <u>Gail Johnson</u>

Ms. Johnson will be called to authenticate the documents HPS produced in response to a deposition notice requiring it to produce records of repairs to any heating, ventilation or air conditioning system at Weaver High during 1999.  She will further be asked to authenticate the documents HPS produced in response to a deposition notice requiring it to produce records of any effort to hire a secretary for Clara Lee during the 1998-1999 school year.

**6.**       **Proposed Evidence**

Plaintiff expects to respond to objections raised by defendant to the admission of her

evidence, in Part C.


**SECTION B**

**1.**       **Proposed Stipulated Facts**

1.       Clara Lee is currently an Assistant Principal at Quirk Middle School.

**PLAINTIFF'S RESPONSE:**       **AGREE**

2.       For approximately two months at the beginning of the 1997-1998 school year,

Clara Lee served as the acting principal at Weaver High School.  Lee Tr. at 18.

**PLAINTIFF'S RESPONSE:**       **AGREE**

3.       Clara Lee applied to be the Principal at Weaver High School in 1997.

**PLAINTIFF'S RESPONSE:**       **AGREE**

4.       Clara Lee lost out to another applicant, Christine Mahoney, for the principal's

job.

**PLAINTIFF'S RESPONSE:**       **DISAGREE.  Obviously prejudicial and inaccurate**

**characterization which should not be presented to a jury.  Plaintiff agrees that she had**

**applied for the position and that Dr. Mahoney was selected for the position.**

5.       After losing out to Dr. Mahoney, Clara Lee served under Dr. Mahoney as the

Executive Vice Principal for Weaver High School.

**PLAINTIFF'S RESPONSE:  Disagree.  Obviously prejudicial and inaccurate characterization which should not be presented to a jury.  Plaintiff agrees that she continued in her position as Executive Vice Principal of Weaver High School through August, 1999, when Dr. Mahoney was Principal of Weaver High School.**

2.      <u>Proposed Findings of Fact</u>

Defendant, of course, is not required to prove any fact in this case.  However, in addition to the above stipulated and agreed to findings of fact and in addition to the matters covered in the agreed to exhibits and Defendant's proposed exhibits, Defendant is likely to offer evidence on the following:

1.      In 1997, the Connecticut General Assembly found that "the Hartford school district is in a state of crisis and that the continued existence of this crisis is detrimental to the children of the city and in conflict with the educational interests of the state and the resolution of the crisis is a matter of paramount public interest . . . ."  Special Act 97-4.

**PLAINTIFF'S RESPONSE:  Disagree.  Lack of relevancy.  Rules 401, 402.  Even if marginally relevant, likely to lead to unfair prejudice, confusion of the issues, or misleading the jury.  Rule 403.  Interposed only for purpose of seeking sympathy from a jury.**

2.      The Connecticut General Assembly passed a Special Act, effective June 1, 1997, that

dissolved the Hartford Board of Education and created the State Board of Trustees for the Hartford Public Schools.  Special Act 97-4.

**PLAINTIFF'S RESPONSE:  Disagree.  Lack of relevancy.  Rules 401, 402.  Even if marginally relevant, likely to lead to unfair prejudice, confusion of the issues, or misleading the jury.  Rule 403.  Interposed only for purpose of seeking sympathy from a jury.**

       3.      From June 1, 1997 through December 2, 2002, the State Board of Trustees for the Hartford Public Schools was "solely responsible for the management of the Hartford School District."  Special Act 97-4; Special Act 01-7(2)(B).

**PLAINTIFF'S RESPONSE:  Disagree.  Lack of relevancy.  Rules 401, 402.  Even if marginally relevant, likely to lead to unfair prejudice, confusion of the issues, or misleading the jury.  Rule 403.  Interposed only for purpose of seeking sympathy from a jury.**

       4.      From June 1, 1997 through December 2, 2002, the State Board was Plaintiff's employer.  Special Acts 97-4 & 01-7.

**PLAINTIFF'S RESPONSE:  Disagree.  Immaterial and irrelevant.  Rules 401, 402.  If State Board was, legally, plaintiff's employer, so was the Defendant Hartford Public Schools, as the School District.  Plaintiff notes that the Court has already dealt with the defendant's argument concerning whether the named defendant is plaintiff's employer**

**during the summary judgment proceedings in this case.  It is established, for purposes of the trial of this case, that Defendant Hartford Public Schools is plaintiff's employer. Plaintiff further notes that the State Board designated "Hartford Public Schools," the defendant in this case, as the legal name of the School District, the body with the powers set forth in Conn. Gen. Stat. §§10-240 and 10-241, including the power to employ school personnel;  Policy 0050.1, Exhibit 4;  and that the defendant designated "Hartford Public Schools" as plaintiff's employer in the underlying administrative action, as set forth previously in plaintiff's Rule 56(a)(2) Statement and Memorandum in Opposition to Motion for Summary Judgment.**

       5.       Starting in 1997, the State Board and the Superintendents of Schools that it hired undertook to improve the manner in which students are educated in Hartford.  Anticipated testimony of Amato, Henry, Borrelli, Ritter, Furek, Aronson.

**PLAINTIFF'S RESPONSE:  Disagree.  Immaterial, irrelevant and prejudicial.  Rules 401, 402, 403.  Interposed for purposes of garnering jurors' sympathy.  Moreover, plaintiff objects to defendant introducing any testimony of Borelli, Durek, Ritter or Aronson, as defendant did not disclose them as witnesses in its Rule 26(a) disclosures or at anytime during the discovery or summary judgment phases of this case.**

6.      The State Board and the Superintendents of Schools that it hired progressively held school administrators, including principals and vice principals, more accountable for improving

education in each school.  Anticipated testimony of Amato, Henry, Borrelli, Ritter, Furek, Aronson.

**PLAINTIFF'S RESPONSE:  Disagree.  Immaterial, irrelevant and prejudicial.  Rules 401, 402, 403.  Moreover, plaintiff objects to defendant introducing any testimony of Borelli, Durek, Ritter or Aronson, as defendant did not disclose them as witnesses in its Rule 26(a) disclosures or at anytime during the discovery or summary judgment phases.**

6.      The State Board and Superintendents of Schools that it hired started to hold school administrators and teachers to a higher standard than they had previously become accustomed.  Anticipated testimony of Amato, Henry, Borrelli, Ritter, Furek, Aronson.

**PLAINTIFF'S RESPONSE:  Disagree.  Rules 401, 402, 403.  Immaterial, irrelevant and prejudicial.  Moreover, plaintiff objects to defendant introducing any testimony of Borelli, Durek, Ritter or Aronson, as defendant did not disclose them as witnesses in its Rule 26(a) disclosures or at anytime during the discovery or summary judgment phases.**

7.      Plaintiff, Les Correa, Daryl Burke and Christine Mahoney all applied for the Principal position at Weaver High School.  Anticipated testimony of Mahoney, DiFiore.

**PLAINTIFF'S RESPONSE:  Disagree.  Immaterial, irrelevant and prejudicial;  Rules 401, 402, 403;  inadmissible hearsay from either witness and neither witness is competent to testify on this fact.  Rules 602, 802.  Moreover, plaintiff objects to the introduction of any testimony of DiFiore, as defendant did not name her as a witness in its Rule 26(a)**

**disclosure or at any time during the discovery or summary judgment phases.**

8.    When Christine Mahoney became the principal at Weaver, her Vice Principals were Plaintiff, Les Correa, Daryl Burke and Fran DiFiore.  Anticipated testimony of Plaintiff, Mahoney, DiFiore.

**PLAINTIFF'S RESPONSE:  Agree, except as to testimony of DiFiore.  Plaintiff objects to the introduction of any testimony of DiFiore, as defendant did not name her as a witness in its Rule 26(a) disclosure or at any time during the discovery or summary judgment phases.**

9.    Plaintiff served as the Executive Vice Principal and Fran DiFiore served as the Vice Principal/Scheduler.  Anticipated testimony of Plaintiff, DiFiore, Mahoney.

**PLAINTIFF'S RESPONSE:  Agree, except as to testimony of DiFiore and evidence of DiFiore's role.  Plaintiff objects to the introduction of any testimony of DiFiore, as defendant did not name her as a witness in its Rule 26(a) disclosure or at any time during the discovery or summary judgment phases.  If there were any intent for Ms. DiFiore to testify, plaintiff would have had the opportunity to depose her.  Plaintiff has taken seven depositions in this case, and among other things she deposed all of the witnesses disclosed by the defendant in its Rule 26(a) disclosures, with the exception of one person who was not yet employed by HPS at the time of plaintiff's grievances and was no longer employed at the time of discovery in this case, and one witness who had already testified at an**

**administrative investigation. It is unfair of defendant to add additional witnesses on new subject matter at this time.**

10.     During the 1997-1998 school year, Dr. Mahoney became displeased with Plaintiff's work performance. Anticipated testimony from Plaintiff, Mahoney, 1997-1998 performance review.

**PLAINTIFF'S RESPONSE: Disagree. Dr. Mahoney was irrationally hostile to plaintiff from the start, before any job performance issue could have been the reason. Testimony of Lee, Macy, Cohens, Exhibit 29.**

11.     Mr. Stacy and Plaintiff's union agreed that the "substance" of Plaintiff's 1997-1998 performance evaluation could be "used to establish goals and objectives for the administrator to meet for the evaluation to be performed during the 1998-1999 school year." LEE 261; Anticipated testimony of Stacy.

**PLAINTIFF'S RESPONSE: Agree.**

12.     During the 1998-1999 school year, Plaintiff's performance was evaluated by Dr. Mahoney on three occasions: (a) on or about December 10, 1998, plaintiff's overall performance was evaluated as "Needs to Improve"; (b) on or about May 3, 1999, plaintiff's overall performance was evaluated as "Unsatisfactory"; and (c) on or about June 9, 1999, plaintiff's overall performance was evaluated as "Unsatisfactory." Transcript of the April 21, 2003 Deposition of Christine Mahoney at 223-24, 234-35, 240, 248, 264-267, 273-74 &

Exhibits 22-24, 40 thereto; <u>see also</u>, Transcript of the April 28, 2003 Deposition of Robert

Stacy (" 4/28/03 Stacy Tr.") at 32-33, 36-37 (plaintiff was on an intensive evaluation cycle

which required more progress conferences during the course of the school year than someone

on a continuous cycle).

**PLAINTIFF'S RESPONSE:  Disagree.  Plaintiff asserts that Dr. Mahoney never actually**

**evaluated plaintiff's performance in good faith, although plaintiff agrees that she wrote**

**evaluation reports as set forth, purporting to evaluate plaintiff's performance.  Testimony**

**of Lee, Macy, Exhibits 26-30, 37, 58, 72-74 and exhibits identified with Part A Finding of**

**Fact 14.**

13.     Plaintiff's performance regarding a number of issues was not up to the standard

the Dr. Mahoney demanded.  Exhibits 31-35, 39, 42, 46-47, 49, 52, 54-55, 59, 65-71, 81-84, J-

L, N-R, T-V.

**PLAINTIFF'S RESPONSE:  Disagree.  Plaintiff's performance met the reasonable**

**expectations of her employer.  Testimony of Morris, Lee, Exhibits 10-17.**

14.     Plaintiff was not subjected to age discrimination by Mahoney or the Defendant.

Accumulation of all admissible evidence in the case.

**PLAINTIFF'S RESPONSE:  Disagree.  Lacks relevancy, as the material issue in this case**

**concerns retaliation, not actually age discrimination.  Plaintiff expects to testify, and have**

**Dr. Macy testify, to the reasons they determined that plaintiff should make a complaint of**

**harassment and age discrimination, and ask that HPS investigate that complaint.**

15.    During 1999, Plaintiff complained to the Human Resources department regarding alleged age discrimination in an effort to deflect legitimate criticism of her work performance.  Accumulation of admissible evidence in the case.

**PLAINTIFF'S RESPONSE:  Disagree and object that defendant has not complied with the Trial Preparation Order to set forth what evidence it asserts could reasonably lead to such a conclusion.  After more than a year of efforts to work with Dr. Mahoney, and experiencing harassment by Dr. Mahoney, plaintiff formed a belief that this irrational harsh conduct was related to ageism, as reflected in remarks Dr. Mahoney and her close ally Ms. DeFiore had made.  She discussed the matter with Dr. Macy, who encouraged her to assert this claim and ask that it be investigated by the Hartford Public Schools. Testimony of Lee, Macy.**

16.    Mr. Amato was hired as the Superintendent of Schools for the Hartford school system during the state takeover "to get Hartford back in shape."  Amato Tr. at 15.

**PLAINTIFF'S RESPONSE:  Disagree.  Immaterial, irrelevant and prejudicial.**

17.    Mr. Amato assumed his duties as Superintendent of Schools in Hartford on or about April 1, 1999.  Amato Tr. at 22-25.  Mr. Amato left the Hartford school district in late October of 2002.  Amato Tr. at 77.

**PLAINTIFF'S RESPONSE:  Agree.**

18.    Prior to April 1, 1999, Mr. Amato had not served as a teacher or administrator in the Hartford school system.  <u>See</u>, Amato Tr. at 13.

**PLAINTIFF'S RESPONSE:  Agree.**

19.    During his first several months as Superintendent of Schools, Mr. Amato felt that "it was pretty generic across the district that the school district was not well managed in general."  Amato Tr. at 40-42.

**PLAINTIFF'S RESPONSE:  Disagree.  Immaterial, irrelevant and prejudicial.  This case is not about "generic" management across the school district.  It is about the defendant's treatment of Plaintiff Clara Lee, who was treated differently than other similarly situated administrators because she raised her complaint of harassment and age discrimination. HPS did not demote the entire administration of the high schools, but only plaintiff;  and other administrators who were employed as vice principals before Mr. Amato arrived were provided opportunities at Hartford Public High School and other high schools.  Lee, Macy testimony, Exhibit 94.**

20.    Plaintiff's complaint to the Human Resources department was determined to be unfounded.  Exhibit 90 (LEE 226).

**PLAINTIFF'S RESPONSE:  Disagree, but agree that defendant stated it was unfounded. Plaintiff submits that it was not investigated promptly or thoroughly, and that if it had been, harassment would have been found.  Testimony of Lee, Macy, Stacy,**

**DeGraffenreidt;  previously designated portions of Depositions of Stacy and DeGraffenreidt concerning the " investigation" or the lack thererof;  Exhibits 90, 91.**

21.     Plaintiff was offered an opportunity to transfer to another administrative position.  Anticipated testimony of Plaintiff, Amato, Henry, Stacy.

**PLAINTIFF'S RESPONSE:  Disagree.  Plaintiff was demoted.  Testimony of Lee, Macy.**

22.     Rather than face the consequences of her poor performance evaluation, Plaintiff chose to accept a transfer to another administrative position.  Exhibit 92 (LEE 432).

**PLAINTIFF'S RESPONSE:  Disagree.  Testimony of Lee, Macy.**

23.     Plaintiff was reassigned to Quirk Middle School as a Vice Principal.  Exhibit 93 (LEE 225).

**PLAINTIFF'S RESPONSE:  Agree.**

24.     Plaintiff's union agreed to Plaintiff's transfer to Quirk Middle School.  Exhibit 94 (LEE 375).

**PLAINTIFF'S RESPONSE:  Agree.**

25.     At the time of her transfer, Plaintiff's salary was frozen at her then-current rate of pay ($90,895 per year) until such time as the salary of her new position exceeded $90,895. Anticipated testimony of Plaintiff, Stacy, Johnson.

**PLAINTIFF'S RESPONSE:  Agree.**

26.     In 2000, Hartford Public High School ("HPHS") was on the verge of losing its

accreditation.  Anticipated testimony of Amato, Henry, Colon.

**PLAINTIFF'S RESPONSE:  Agree.**

27.    Jose Colon-Rivas ("Colon") was selected as the Acting Principal of HPHS. Anticipated testimony of Amato, Henry, Colon.

**PLAINTIFF'S RESPONSE:  Agree.**

28.    Dr. Colon agreed to accept the Acting principalship of HPHS on the condition that he be allowed discretion in selecting his team of administrators.  Anticipated testimony of Amato, Colon.

**PLAINTIFF'S RESPONSE:  Disagree that Amato had authority to accept this condition in behalf of HPS;  assert that any such agreement between Amato and Colon was not enforceable and lacks relevancy in light of the contractual terms HPS had agreed to provide to plaintiff and HPS's legal obligations.  Exhibits 4, 5, 6.**

29.    Two applicants were found to meet the minimum qualifications for the position—Plaintiff and Norma Lavoie.  Anticipated testimony of Stacy.

**PLAINTIFF'S RESPONSE:  Disagree that LaVoie met the minimum qualifications. Testimony of Henry, Amato, Morris, Exhibits 95, 97-100.**

30.    Dr. Colon informed Mr. Amato that he selected Norma Lavoie as his Executive Vice Principal.  Anticipated testimony of Colon.

**PLAINTIFF'S RESPONSE:  Disagree.  Colon did not have authority to select his**

**Executive Vice Principal, only Amato did.  Exhibit 4.**

31.    The Superintendent of Schools was empowered to make selections of administrators below the rank of principal without State Board approval.  Anticipated testimony of Amato, Stacy, Johnson.

**PLAINTIFF'S RESPONSE:  Agree.**

32.    Mr. Amato appointed Ms. Lavoie as the Executive Vice Principal at HPHS. Anticipated testimony of Amato, Colon.

**PLAINTIFF'S RESPONSE:  Agree.**

33.    Plaintiff has failed to properly mitigate her damages.  Anticipated testimony of Plaintiff.

**PLAINTIFF'S RESPONSE:  Disagree.  Testimony of Lee.**

34.    The Defendant has not entered into a contract with Plaintiff through its personnel and administrative policies.  Anticipated testimony of Stacy, Johnson, Plaintiff.

**PLAINTIFF'S RESPONSE:  Disagree.  Testimony of Lee, Macy, Stacy, Exhibits 4-6.**

35.    Defendant has not breached any contract with Plaintiff.  Accumulation of admissible evidence.

**PLAINTIFF'S RESPONSE: Disagree, and object that defendant has not met its obligation under the Court's Trial Preparation Order.  Testimony of Lee, Macy, Stacy, Exhibits 4-6.**

3.      **Claims of Law**

**PLAINTIFF'S RESPONSE:  Plaintiff submits that the defendant has completely failed to**

**set forth its claims of law with the authority on which each of its claims is premised.**

**Under the circumstances, plaintiff is unable to respond with authority to rebut the legal**

**claims of the defense.**

1.      Plaintiff has failed to establish by a preponderance of the evidence that

Defendant illegally retaliated against her for filing an internal complaint of age discrimination

or harassment.

2.      Plaintiff has failed to establish by a preponderance of the evidence that

Defendant unlawfully denied her Fourteenth Amendment Equal Protection Claim.

3.      Plaintiff has failed to establish by a preponderance of the evidence that she was

denied her Fourteenth Amendment procedural due process rights.

4.      Plaintiff has failed to establish by a preponderance of the evidence a municipal

policy, custom or practice of discrimination or harassment against administrators based on their

age.

5.      Plaintiff has failed to establish by a preponderance of the evidence that she had a

property right recognized under state law at issue in this case.

6.      Plaintiff has failed to establish by a preponderance of the evidence that the

Hartford Public Schools' Personnel Manual or associated documents constituted a contract

entered into between the Hartford Public Schools and Plaintiff.

       7.      Plaintiff has failed to establish by a preponderance of the evidence that Defendant breached any contract that it allegedly entered into with Plaintiff.

**4.**      <u>**Proposed Exhibits**</u>

      Defendant intends to introduce many, if not all, of the exhibits listed in Plaintiff's exhibit list to which it has agreed, even if Plaintiff fails to introduce such documents in her case in chief.  Thus, this list will simply recite additional exhibits.

      **PLAINTIFF'S RESPONSE:  Plaintiff has noted her agreement to a number of the following exhibits on the assumption that the exhibits presented at trial are in substantial conformity with the documents disclosed in discovery.  In some cases, Defendant has set out the Bates number of the exhibits it has listed, and in some it has not.  If the exhibit proposed is not the document identified by plaintiff, the parties disagree as to that exhibit. As to the exhibits on which plaintiff disagrees, she reserves the right to object to the exhibit on additional grounds, in the event that the court does not sustain an objection based on the primary ground, to the same extent that defendant reserves any such right despite the previous orders and directions of this Court.  Plaintiff reserves the right to object to any exhibit based on the evidence actually offered at trial.**

      A.      Special Act 97-4.

**PLAINTIFF'S RESPONSE:  Disagree.  Immaterial and irrelevant.  Interposed only for purpose of seeking sympathy from a jury.**

      B.      Special Act 01-7.

**PLAINTIFF'S RESPONSE:  Disagree.  Immaterial and irrelevant.  Interposed only for purpose of seeking sympathy from a jury.**

      C.      August 14, 1997 Letter from Obliego to Lee (LEE 235)

**PLAINTIFF'S RESPONSE:  Agree if the letter is identical to that which defendant disclosed during the discovery phase of this case.**

      D.      August 22, 1997 Letter from Daniel to Lee (LEE 230)

**PLAINTIFF'S RESPONSE:  Agree if the letter is identical to that which defendant disclosed during the discovery phase of this case.**

      E.      September 17, 1997 Letter from Sharpe to Lee (LEE 234)

**PLAINTIFF'S RESPONSE:  Agree if the letter is identical to that which defendant disclosed during the discovery phase of this case.**

      F.      October 6, 1997 Letter from Sharpe to Lee (LEE 232)

**PLAINTIFF'S RESPONSE:  Agree if the letter is identical to that which defendant disclosed during the discovery phase of this case.**

      G.      Personnel Policy 4118.1 (LEE 1)

**PLAINTIFF'S RESPONSE:  Agree.**

H.      Employee Handbook (LEE 2-41)

**PLAINTIFF'S RESPONSE:  Disagree. The handbook offered here is expressly dated "1ˢᵗ Edition 8/00" and was never published before August, 2000.  It lacks relevancy and could confuse the issues for the jury, as it is materially different from any handbook or manual previously published by HPS in that it includes a disclaimer of contractual obligations. Plaintiff's contract claim is based on facts which occurred before this handbook was in effect.  Rules 401, 402, 403.**

I.      August 31, 1998 Memorandum From M. Borrelli to Lee

**PLAINTIFF'S RESPONSE:  Disagree.  This document was never disclosed either with defendant's 26(a) disclosures or in response to discovery requests to which it was directly responsive.  It constitutes unfair surprise to suddenly proffer it at this point in time and plaintiff objects to its inclusion as a trial exhibit.**

J.      November 5, 1998 Memo from Mahoney to Lee Re: Key Roster

**PLAINTIFF'S RESPONSE:  Agree if the Memorandum is identical to any document which defendant disclosed during the discovery phase of this case.**

K.      December 1, 1998 Memo from Mahoney to Lee Re: Student (with student name and identifying information redacted) (LEE 422)

**PLAINTIFF'S RESPONSE:  Agree if the Memorandum is identical to that which defendant disclosed during the discovery phase of this case, and further includes the**

**previously attached statement of the Officer who witnessed the student's conduct and the Administrative Suspension Slip, both of which are essential to understanding any issue related to the proffered Memorandum.**

      L.      December 11, 1998 Memo from Mahoney to Lee Re: Staffing (C. Lee 428)

**PLAINTIFF'S RESPONSE:  Agree if the Memorandum is identical to that which was disclosed during the discovery phase of this case.**

      M.      December 14, 1998 Memo from Lee to Mahoney Re: New Key Request (C. Lee 360)

**PLAINTIFF'S RESPONSE:  Agree if the Memorandum is identical to that which was disclosed during the discovery phase of this case.**

      N.      January 25, 1999 Memo from Mahoney to Lee Re: Building Usage (C. Lee 380)

**PLAINTIFF'S RESPONSE:  Agree if the Memorandum is identical to that which defendant disclosed during the discovery phase of this case.**

      O.      January 25, 1999 Memo from Morris to Lee (C. Lee 370)

**PLAINTIFF'S RESPONSE:  Agree if the Memorandum is identical to that which was disclosed during the discovery phase of this case, and if plaintiff's response to this Memo, C. Lee 371-372 is also included.**

      P.      January 28, 1999 Memo from Mahoney to Lee Re: Housing Attendance (C. Lee 392)

**PLAINTIFF'S RESPONSE:  Agree if the Memorandum is identical to the Memo concerning "House Attendance" which was disclosed during the discovery phase of this case.**

Q.      February 10, 1999 Memo from Mahoney to Lee Re: Student incidents (C. Lee 362) (with student names redacted)

**PLAINTIFF'S RESPONSE:  Agree if the Memorandum is identical to that which was disclosed during the discovery phase of this case.**

R.      March 5, 1999 Memo from Lee to Mahoney regarding Staff Attendance (C. Lee 357)

**PLAINTIFF'S RESPONSE:  Agree if the Memorandum is identical to that which was disclosed during the discovery phase of this case.**

S.      March 1999 Memo from Lee to Morris (C. Lee 361)

**PLAINTIFF'S RESPONSE:  Agree if the Memorandum is identical to that which was disclosed during the discovery phase of this case.**

T.      May 11, 1999 Memo from Mahoney to Lee Re: CAPT Administration (C. Lee 349-350)

**PLAINTIFF'S RESPONSE:  Agree if the Memorandum is identical to that which was disclosed during the discovery phase of this case.**

U.      Memo from Mahoney to Lee Re: CAPT Make-up (C. Lee 359)

**PLAINTIFF'S RESPONSE:  Agree if the Memorandum is identical to that which was disclosed during the discovery phase of this case.**

    V.       May 11, 1999 Memo from Mahoney to Lee Re: Student (C. Lee 351) (with student names redacted)

**PLAINTIFF'S RESPONSE:  Agree if the Memorandum is identical to that which was disclosed during the discovery phase of this case.**

    W.      August 27, 1999 Letter from J. Lee to C. Lee (LEE 249)

**PLAINTIFF'S RESPONSE:  Agree if the Letter is identical to that which defendant disclosed during the discovery phase of this case.**

    X.       June 1, 1999 Morris Recommendation of LaVoie (LEE 417-418)

**PLAINTIFF'S RESPONSE:  Agree if the Recommendation is identical to that which defendant disclosed during the discovery phase of this case.**

    Y.       November 4, 1999 Letter from C. Mahoney to A. Amato (C. Lee 4)

**PLAINTIFF'S RESPONSE:  Agree.**

    Z.       November 4, 1999 Letter from Stacy to Mahoney (C. Lee 5)

**PLAINTIFF'S RESPONSE:  Agree.**

    AA.    November 4, 1999 Letter from Mahoney to Amato re: resignation.

**PLAINTIFF'S RESPONSE:  Agree.**

    BB.    DeGraffenreidt Notes of Meeting with Lee (LEE 361-368)

**PLAINTIFF'S RESPONSE:  Agree if DeGraffenreidt testifies to authenticate them.**

    CC.    Personnel Action Form (LEE 287)

**PLAINTIFF'S RESPONSE:  Disagree, as it is likely to confuse the issues.  Rule 403.  The witnesses can simply testify that plaintiff's salary was frozen at the rate she earned during the 1998-99 school year;  and Plaintiff's Exhibit 93, to the admission of which defendant have agreed, already provides all pertinent information.  If it is admitted, it should be subject to authentication, competency of witness and a witness fully competent to be cross examined on the subject matter of the document, which would be a waste of substantial time since it adds nothing.**

    DD.    Norma LaVoie certification

**PLAINTIFF'S RESPONSE:  Disagree.  This document was never disclosed either with defendant's 26(a) disclosures or in response to discovery requests to which it was responsive.  It constitutes unfair surprise to suddenly proffer it at this point in time, and plaintiff objects to its inclusion as a trial exhibit.**

    EE.    March 6, 1998 Letter from Daniel to Cohens Re: Suspension

**PLAINTIFF'S RESPONSE:  Agree if Ms. Cohens testifies.**

    FF.    September 25, 1998 Letter from Borrelli to Cohens Re: Suspension

**PLAINTIFF'S RESPONSE:  Agree if Ms. Cohens testifies.**

    GG.    November 2, 1998 Letter from Borrelli to Cohens Re: Termination of

Employment for serious misconduct

**PLAINTIFF'S RESPONSE: Agree if Ms. Cohens testifies.**

     HH.    Clara Lee Tax Returns or W-2s for 1999 – present

**PLAINTIFF'S RESPONSE: Disagree. Lacks relevancy. Any relevance is outweighed by the potential prejudice of introducing tax returns into evidence. Moreover, defendant has not indicated any fact to which it asserts these exhibits are relevant or material. Rules 402, 403.**

     II.    Entire Transcript of the May 27, 2003 Deposition of Anthony Amato (only in the event that he is unavailable to testify at trial).

**PLAINTIFF'S RESPONSE: Disagree. Plaintiff was not on notice that defendant intended to use this deposition for purposes of trial. Mr. Amato is not a party opponent to defendant, and in fact at the time of his deposition Mr. Amato was a co-defendant. Many portions of the deposition transcript are objectionable for purposes of trial testimony as hearsay, for example, which were not objectionable as deposition testimony and which were entirely appropriate in discovery. Plaintiff submits that the defendant should be required to set forth the pages of Mr. Amato's deposition which it wishes to introduce into evidence, in accord with this Court's Trial Preparation Order, so that plaintiff has a reasonable opportunity to review the specific pages and consider them as trial testimony. As defendant has not done so, it should be precluded from introducing**

any portion of the transcript except what plaintiff specified in Part A.

JJ.    Entire Transcript of the April 21, 2003 Deposition of Christine Mahoney (only in the event that she is unavailable to testify at trial).

**PLAINTIFF'S RESPONSE:  Disagree.   Plaintiff was not on notice that defendant intended to use this deposition for purposes of trial.  Dr. Mahoney is not a party opponent to defendant.  Many portions of the deposition transcript are objectionable for purposes of trial testimony as hearsay, for example, which were not objectionable as deposition testimony and which were entirely appropriate in discovery.  Plaintiff submits that the defendant should be required to set forth the pages of Dr. Mahoney's deposition which it wishes to introduce into evidence, in accord with this Court's Trial Preparation Order, so that plaintiff has a reasonable opportunity to review the specific pages and consider them as trial testimony.  As defendant has not done so, it should be precluded from introducing any portion of the transcript except what plaintiff specified in Part A.**

KK.    Transcript of the April 22, 2003 Deposition of Robert Stacy (only in the event that he is unavailable to testify).

**PLAINTIFF'S RESPONSE:  Disagree.   Plaintiff was not on notice that defendant intended to use this deposition for purposes of trial.  Mr. Stacy is not a party opponent to defendant.  Many portions of the deposition transcript are objectionable for purposes of**

trial testimony as hearsay, for example, which were not objectionable as deposition testimony and which were entirely appropriate in discovery. Plaintiff submits that the defendant should be required to set forth the pages of Mr. Stacy's deposition which it wishes to introduce into evidence, in accord with this Court's Trial Preparation Order, so that plaintiff has a reasonable opportunity to review the specific pages and consider them as trial testimony. As defendant has not done so, it should be precluded from introducing any portion of the transcript except what plaintiff specified in Part A.

      LL.    Transcript of the April 28, 2003 Deposition of Robert Stacy (only in the event that he is unavailable to testify).

**PLAINTIFF'S RESPONSE: Disagree. Plaintiff was not on notice that defendant intended to use this deposition for purposes of trial. Mr. Stacy is not a party opponent to defendant. Many portions of the deposition transcript are objectionable for purposes of trial testimony as hearsay, for example, which were not objectionable as deposition testimony and which were entirely appropriate in discovery. Plaintiff submits that the defendant should be required to set forth the pages of Mr. Stacy's deposition which it wishes to introduce into evidence, in accord with this Court's Trial Preparation Order, so that plaintiff has a reasonable opportunity to review the specific pages and consider them as trial testimony. As defendant has not done so, it should be precluded from introducing any portion of the transcript except what plaintiff specified in Part A.**

MM:  October 20, 2001 Letter from Clara Lee to Dr. James Thompson (C. Lee 313).

**PLAINTIFF'S RESPONSE:  Disagree.  Lack of relevancy.  Rules 401, 402.  Even if marginally relevant, likely to lead to unfair prejudice, confusion of the issues, or misleading the jury.  Rule 403.  Interposed only for purpose of seeking sympathy from a jury.**

5.     <u>Proposed Witnesses</u>

All witnesses called to testify by the Defendant will rebut relevant testimony raised in Plaintiff's case-in-chief.  Thus, in addition to the testimony and evidence raised in Plaintiff's case-in-chief, the following witnesses are likely to testify about the following subjects:

1.     Anthony Amato.  Mr. Amato, if he is available, will testify regarding:  his role as Superintendent of Schools; the state of the Hartford Public Schools during his tenure; Special Acts 97-4 and 01-7; his mission and guidance for the Hartford Public Schools; his style and method of management; his expectations regarding principals and Assistant Principals; his interactions or dealings with administrators at Weaver High School, including but not limited to Plaintiff and Christine Mahoney; the imminent loss of accreditation at Hartford Public High School (HPHS) in or around 2000; his communications with Jose Colon-Rivas regarding administrators and/or teachers at HPHS; and all matter relevant to evidence or issues raised in Plaintiff's case in chief.  If Mr. Amato is unavailable to testify, Defendant will offer his

deposition testimony.

**PLAINTIFF'S RESPONSE:  Agree to Mr. Amato's testimony except as to the Special Acts, any previously undisclosed evidence, and any use by Defendant of his deposition testimony without expressly designating the pages it intends to use, to provide plaintiff with a reasonable opportunity to respond, as set forth above.**

2.      Christine Mahoney.  Dr. Mahoney will testify regarding:  her selection as the Principal of Weaver High School; her interactions with Plaintiff; her evaluations of Plaintiff's performance; her expectations for Plaintiff's job performance; her decision to take a job in the school's Central Office.  Obviously, she will testify regarding Plaintiff's allegations regarding age discrimination and other illegality.

**PLAINTIFF'S RESPONSE:  Agree.**

3.      Robert Stacy.  Mr. Stacy will testify regarding:  the complaint submitted by Plaintiff to the Human Resources department and subsequent investigation.  Mr. Stacy will also testify regarding his interactions with Plaintiff; Plaintiff's decision to accept a transfer from Weaver High School; the elimination of the Executive Vice Principal position, the Executive Vice Principal selection process at HPHS in 2000; and relevant policies, procedures and collective bargaining agreements with administrators.

**PLAINTIFF'S RESPONSE:  Agree.**

4.      Ann Marie DeGraffenreidt.  Ms. DeGraffenreidt will testify regarding the

complaint filed by Plaintiff with the Human Resources department and subsequent investigation.  She may also testify regarding relevant policies, procedures and the collective bargaining agreements.

**PLAINTIFF'S RESPONSE:  Agree.**

5.      Gail Johnson.  Ms. Johnson will testify regarding:  policies, procedures and the relevant collective bargaining agreements; and information contained in various personnel records.  She will also testify regarding the elimination of the Executive Vice Principal position; Plaintiff's pay; and damages.

**PLAINTIFF'S RESPONSE:  Agree, with the exception of the subject of plaintiff's pay and damages.  Ms. Johnson was not employed by HPS until the end of 2002, after most of the material events took place;  her position was held by Robert Stacy, another named witness who is competent, as Ms. Johnson is not, to testify on the named subjects.**

6.      Milly Ramos or relevant payroll employee.  Ms. Ramos may testify regarding Plaintiff's pay and claimed damages.

**PLAINTIFF'S RESPONSE:  Disagree.  Plaintiff objects to the introduction of any testimony of Ms. Ramos, as defendant did not name her as a witness in its Rule 26(a) disclosure or at any time during the discovery or summary judgment phases.  If there were any intent for Ms. Ramos to testify, plaintiff would have had the opportunity to depose her.  Plaintiff has taken seven depositions in this case, and among other things she**

**deposed all of the witnesses disclosed by the defendant in its Rule 26(a) disclosures, with the exception of one person who was not yet employed by HPS at the time of plaintiff's grievances and was no longer employed at the time of discovery in this case, and one witness who had already testified at an administrative investigation. It is unfair of defendant to add additional witnesses on new subject matter at this time.**

       7.    Robert Henry. Mr. Henry will testify regarding: the state of the Hartford Public Schools during the relevant time; the administration's objectives, goals and practices in 1999 forward; the state take-over of the Hartford Public Schools; the effect of Special Acts 97-4 and 01-7 upon the Hartford Public Schools; his observations of Weaver High School in 1999; any evaluations that he performed regarding the administration at Weaver High School; any of his interactions with or concerning Plaintiff; the elimination of the Executive Vice Principal position; the situation at HPHS in 2000; and relevant policies, procedures and collective bargaining agreements.

**PLAINTIFF'S RESPONSE: Agree to Mr. Henry as a witness, disagree that he can testify to the "state of the Hartford Public Schools during the relevant time; the administration's objectives, goals and practices in 1999 forward; the state take-over of the Hartford Public Schools; the effect of Special Acts 97-4 and 01-7 upon the Hartford Public Schools," all of which plaintiff submits lacks relevancy, is unfairly prejudicial, and is likely to lead to confusion of the issues.** Rules 401, 402, 403.

8.      Thomas Ritter.  Mr. Ritter may testify regarding:  the adoption and implementation of Special Acts 97-4 and 01-7; the role of the State Board of Trustees for the Hartford Public Schools ("State Board"); the State Board's objectives and expectations; and efforts to improve the quality of education in Hartford.

**PLAINTIFF'S RESPONSE:  Disagree.  Plaintiff objects to the introduction of any testimony of Mr. Ritter, as defendant did not name him as a witness in its Rule 26(a) disclosure or at any time during the discovery or summary judgment phases.  If there were any intent for Mr. Ritter to testify, plaintiff would have had the opportunity to depose him.  Plaintiff has taken seven depositions in this case, and among other things she deposed all of the witnesses disclosed by the defendant in its Rule 26(a) disclosures, with the exception of one person (who was not yet employed by HPS at the time of plaintiff's grievances, was no longer employed at the time of discovery in this case, could provide only the same information another witness could provide, and is not listed herein either) and one witness who had already testified at an administrative investigation.  It is unfair of defendant to add additional witnesses on new subject matter at this time.**

9.      Jose Colon-Rivas.  Mr. Colon-Rivas will testify regarding the impending loss of accreditation at Hartford Public High School in 2000; his recommendations for selection of administrators for HPHS in 2000; and the result of his efforts to save HPHS's accreditation.

**PLAINTIFF'S RESPONSE:  Agree.**

10.     Norma LaVoie.  Ms. LaVoie may testify regarding her qualifications for the Executive Vice Principal position at HPHS in 2000.

**PLAINTIFF'S RESPONSE:  Disagree.  Plaintiff objects to the introduction of any testimony of Ms. LaVoie, as defendant did not name her as a witness in its Rule 26(a) disclosure or at any time during the discovery or summary judgment phases.  If there were any intent for Ms. LaVoie to testify, plaintiff would have had the opportunity to depose her.  Plaintiff has taken seven depositions in this case, and among other things she deposed all of the witnesses disclosed by the defendant in its Rule 26(a) disclosures, with the exception of one person who was not yet employed by HPS at the time of plaintiff's grievances and was no longer employed at the time of discovery in this case, and one witness who had already testified at an administrative investigation.  It is unfair of defendant to add additional witnesses on new subject matter at this time.**

11.     Frances DiFiore.  Ms. DiFiore will testify regarding:  her duties at Weaver High School from 1997-1999; her interactions with Plaintiff at Weaver High School during the relevant time period, including, but not limited to, Plaintiff's allegations regarding ageist comments.  She will also testify regarding her interactions with Christine Mahoney and her observations regarding the interactions of Dr. Mahoney and Plaintiff.

**PLAINTIFF'S RESPONSE:  Disagree.  Plaintiff objects to the introduction of any testimony of Ms. DiFiore, as defendant did not name her as a witness in its Rule 26(a)**

33

disclosure or at any time during the discovery or summary judgment phases.  If there were any intent for Ms. DiFiore to testify, plaintiff would have had the opportunity to depose her.  Plaintiff has taken seven depositions in this case, and among other things she deposed all of the witnesses disclosed by the defendant in its Rule 26(a) disclosures, with the exception of one person who was not yet employed by HPS at the time of plaintiff's grievances and was no longer employed at the time of discovery in this case, and one witness who had already testified at an administrative investigation.  It is unfair of defendant to add additional witnesses on new subject matter at this time.

12.     Richard Deschenes.  Mr. Deschenes may testify regarding his interactions with Plaintiff including, but not limited to, outside use of the Weaver High School building on Martin Luther King Day.

PLAINTIFF'S RESPONSE:  Disagree.  Plaintiff objects to the introduction of any testimony of Deschenes, as defendant did not name him as a witness in its Rule 26(a) disclosure or at any time during the discovery or summary judgment phases.  If there were any intent for Mr. Deschenes to testify, plaintiff would have had the opportunity to depose him.  Plaintiff has taken seven depositions in this case, and among other things she deposed all of the witnesses disclosed by the defendant in its Rule 26(a) disclosures, with the exception of one person who was not yet employed by HPS at the time of plaintiff's grievances and was no longer employed at the time of discovery in this case, and one

34

**witness who had already testified at an administrative investigation. Indeed, when plaintiff took the deposition of HPS, she expressly asked for a witness who could testify to matters that may have been within Mr. Deschenes' first-hand knowledge, regarding repairs at Weaver High School, but were not within the knowledge of the witness HPS did present; yet HPS did not offer Mr. Deschenes as a witness. It is unfair of defendant to add additional witnesses on new subject matter at this time, and it is even more unfair for defendant to play such a cat-and-mouse game.**

13. Paul Stringer. Mr. Stringer may testify regarding: the duties and responsibilities of a principal during the relevant time period; the duties and responsibilities of an Executive Vice Principal during the relevant time period; his transfer to become the Principal of Weaver High School; and the challenges of Weaver High School.

**PLAINTIFF'S RESPONSE: Disagree. Plaintiff objects to the introduction of any testimony of Mr. Stringer, as defendant did not name him as a witness in its Rule 26(a) disclosure or at any time during the discovery or summary judgment phases. If there were any intent for Mr. Stringer to testify, plaintiff would have had the opportunity to depose him. Plaintiff has taken seven depositions in this case, and among other things she deposed all of the witnesses disclosed by the defendant in its Rule 26(a) disclosures, with the exception of one person who was not yet employed by HPS at the time of plaintiff's grievances and was no longer employed at the time of discovery in this case, and one**

**witness who had already testified at an administrative investigation. It is unfair of defendant to add additional witnesses on new subject matter at this time.**

14.     Matthew Borrelli. Mr. Borrelli may testify regarding the state of the Hartford Public Schools during his term as Interim Superintendent; the challenges he faced; his efforts to improve the Hartford Public Schools and the performance of school administrators; any interactions that he had with Plaintiff and/or other administrators at Weaver High School; and relevant policies and procedures during the relevant time period.

**PLAINTIFF'S RESPONSE: Disagree. Plaintiff objects to the introduction of any testimony of Mr. Borelli, as defendant did not name him as a witness in its Rule 26(a) disclosure or at any time during the discovery or summary judgment phases. If there were any intent for Mr. Borelli to testify, plaintiff would have had the opportunity to depose him. Plaintiff has taken seven depositions in this case, and among other things she deposed all of the witnesses disclosed by the defendant in its Rule 26(a) disclosures, with the exception of one person who was not yet employed by HPS at the time of plaintiff's grievances and was no longer employed at the time of discovery in this case, and one witness who had already testified at an administrative investigation. It is unfair of defendant to add additional witnesses on new subject matter at this time.**

15.     Robert Furek. Mr. Furek may testify regarding the state of the Hartford Public Schools during the relevant time period and efforts to improve the standards and performance

of the schools.

**PLAINTIFF'S RESPONSE:  Disagree.  Plaintiff objects to the introduction of any testimony of Mr. Furek, as defendant did not name him as a witness in its Rule 26(a) disclosure or at any time during the discovery or summary judgment phases.  If there were any intent for Mr. Furek to testify, plaintiff would have had the opportunity to depose him.  Plaintiff has taken seven depositions in this case, and among other things she deposed all of the witnesses disclosed by the defendant in its Rule 26(a) disclosures, with the exception of one person who was not yet employed by HPS at the time of plaintiff's grievances and was no longer employed at the time of discovery in this case, and one witness who had already testified at an administrative investigation.  It is unfair of defendant to add additional witnesses on new subject matter at this time.**

16.     Lorraine Aronson.  Ms. Aronson may testify regarding the state of the Hartford Public Schools during the relevant period and efforts to improve the standards and performance of the schools.

**PLAINTIFF'S RESPONSE:  Disagree.  Plaintiff objects to the introduction of any testimony of Ms. Aronson, as defendant did not name her as a witness in its Rule 26(a) disclosure or at any time during the discovery or summary judgment phases.  If there were any intent for Ms. Aronson to testify, plaintiff would have had the opportunity to depose her.  Plaintiff has taken seven depositions in this case, and among other things she**

deposed all of the witnesses disclosed by the defendant in its Rule 26(a) disclosures, with the exception of one person who was not yet employed by HPS at the time of plaintiff's grievances and was no longer employed at the time of discovery in this case, and one witness who had already testified at an administrative investigation.  It is unfair of defendant to add additional witnesses on new subject matter at this time.


6.     **Proposed Evidence**

Defendant expects to respond to any additional evidence, documents or arguments proposed by Plaintiff.  Specific areas of disagreement as to particular pieces of evidence will be addressed in Motions in Limine or at trial.


PLAINTIFF                                        DEFENDANT
CLARA LEE                                        HARTFORD PUBLIC SCHOOLS,


By _____          By_____
Judith D. Meyer                                        Joseph W. McQuade, ct12121
Ct04976                                                   Kainen, Escalera & McHale, P.C.
152 Simsbury Road                                21 Oak Street
PO Box 451                                            Hartford, CT  06106
Avon, CT 06001                                     Telephone (860) 493-0870
Tel. (860) 678-7711                               Facsimile (860) 493-0871
Fax (860) 677-6832                                jmcquade@kemlaw.com
judithdmeyer@igc.org                          Their Attorney
Her Attorney

## <u>CERTIFICATION</u>

This is to certify that a copy of the foregoing was sent via email and first-class mail,

postage prepaid, this 20th day of March, 2004, to:

Joseph W. McQuade, Esq.
Kainen, Escalera & McHale, P.C.
21 Oak Street
Hartford, CT  06106
jmcquade@kemlaw.com


_____
Judith D. Meyer